| 94 | 737 |
| 98 | 552 |

### Wytheville.

### MUMPOWER *v.* CITY OF BRISTOL.

#### July 1, 1897.

1. STATUTE OF LIMITATIONS—*What causes survive—Damages resulting from suing out an injunction.*—An action against a defendant for maliciously and without probable cause suing out an injunction against a plaintiff whereby the operation of his mill was suspended, is barred after one year from the dissolution of the injunction. In case of death the cause of action would not survive. The damages allowed to be recovered by or against a personal representative by sec. 2655 of the Code are direct damages to property and not those which are merely consequent upon a wrongful act to the person only.

Error to a judgment of the Circuit Court of the county of Washington, rendered October 9, 1896, in an action of trespass on the case, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*Fulkerson, Page & Hurt, A. H. Blanchard* and *D. F. Bailey,* for the plaintiff in error.

*J. S. Ashworth* and *Taylor, Winston & Read,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

William H. Mumpower brought an action on the case in the Circuit Court of Washington county against the city of Bristol, and afterwards filed a declaration, in which, among other things, he avers that he is the owner of a certain tract

of land situated in the county of Washington, upon which there is a mill operated as a grist or custom mill, the machinery, appliances and contrivances of which are propelled by water of ――― creek, first collected and detained in a dam situated upon said tract of land, which dam was, and still is, the property of the plaintiff. In October, 1891, the defendant, the city of Bristol, filed a bill in chancery in the Circuit Court of Washington county, praying for and obtaining an injunction against the plaintiff restraining him from the free and rightful use of the waters of said creek for the purpose of propelling and running his mill. This injunction remained operative until the 13th day of July, 1893, and by a decree of the Court of Appeals of Virginia the bill of the city of Bristol was dismissed, and the injunction vacated and annulled, but by this decree no damages were allowed or awarded him against the city of Bristol, or any provision made for their recovery.

The plaintiff then avers that by reason of the malicious obtaining and suing out of the said injunction, without probable cause, he was greatly injured in his business and employment of running and operating his mill, and was deprived of great profits and gains by reason thereof, and that the losses and charges in and about the chancery cause aforesaid amount together to the sum of $1,300.

The defendant pleaded not guilty, and for a further plea the defendant by its counsel says, "that the said several causes of action in the said declaration mentioned, did not, nor did any, or either of them, accrue to the plaintiff within one year next before the commencement of this suit in manner and form as the plaintiff hath above thereof complained against it."

The plaintiff objected to this plea, but the court overruled his objection and permitted the plea to be filed, whereupon issue was joined upon both pleas.

Upon the trial of the case before a jury the court, at the

instance of the defendant, instructed the jury as follows:

"The court instructs the jury that if they believe from the evidence that the period of one year had elapsed since the dissolution of the injunction before this suit was instituted, then the plaintiff's demand is barred by the statute of limitations, and they must find for the defendant."

To the giving of this instruction the plaintiff objected, but the court overruled his objection, and thereupon the plaintiff by counsel excepted.

The jury found a verdict for the defendant, and the plaintiff moved the court to set it aside, which the court refused to do, and entered judgment for the defendant. Thereupon the plaintiff again excepted, and subsequently applied to this court for a writ of error, which was awarded.

The only question to be considered is presented by the plea of the statute of limitations.

Sec. 2927 of the Code provides a limitation of five years in every personal action for which no limitation is otherwise prescribed, "if it be a matter of such nature that, in case a party die, it can be brought by or against his representative; and, if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued."

The plaintiff in error contends that the action in this case belongs to that class which in case of the death of a defendant could be brought against his personal representative, and for this position relies upon sec. 2655 of the Code, which is as follows:

"An action of trespass, or trespass on the case, may be maintained by a personal representative for the taking or carrying away of any goods, or for the waste or destruction of, or damage to, any estate of or by his decedent."

The wrongful act which the defendant is alleged to have committed and for the injury resulting from which the plaintiff sues, consisted in maliciously and without probable cause

suing out an injunction against the plaintiff whereby the operation of his mill was suspended. It is quite obvious that this injunction did not operate to take or carry away the goods of the plaintiff, nor cause the waste or destruction of, or inflict any damage upon, the estate of the plaintiff. It is true that the language of the statute is comprehensive and embraces damage of any kind or degree to the estate, real or personal, of the person aggrieved; but the damage must be direct, and not the consequential injury or loss to the estate which flows from a wrongful act directly affecting the person only. No part of the defendant's property was taken or carried away; no part of it was wasted or destroyed; the plaintiff's use of his property, and not the property itself, was affected by the act of which he complains.

We are of opinion that such a right of action does not survive, and that it is barred by the limitation of one year.

There is no error in the judgment complained of, and it is affirmed.

*Affirmed.*