**E. L. BOWEN AND COMPANY, Incorporated, a Virginia Corporation, Plaintiff,**

v.

**AMERICAN MOTORS SALES CORPORATION, HUDSON MOTOR DIVISION, Successor in title to Hudson Sales Corporation, all being Michigan Corporations, Defendant.**

**Civ. A. No. 2088.**

United States District Court
E. D. Virginia,
Norfolk Division.

July 9, 1957.

LeRoy T. Canoles, Jr., Goldblatt & Lipkin, Paul M. Lipkin, Norfolk, Va., for plaintiff.

Williams, Cocke, Worrell & Kelly, W. R. C. Cocke, Norfolk, Va., for defendant.

HOFFMAN, District Judge.

The complaint filed herein by an enfranchised dealer in Hudson automobiles alleges six causes of action against defendant as successor in title and interest to Hudson Sales Corporation. From 1937 until September 30, 1953, plaintiff was known as a "Master Dealer" handling new and used cars in the City of Portsmouth, Virginia, and surrounding areas, under annual contracts, the last of said contracts continuing the franchise from September 24, 1952, to September 30, 1953. Summarizing the allegations of the complaint and the motion to dismiss, it appears:

1. *As to first cause of action:*

A. Plaintiff claims damages for cancellation of the franchise, not during the term of said contract, but at the termination thereof, in alleged violation of § 46–534(3) of the Code of Virginia, 1950, as amended, which reads as follows:

> "It is unlawful for any manufacturer, factory branch, distributor or distributor branch, or any field rep-

resentative, officer, agent or any representative whatsoever of any of them:

\* \* \* \* \* \*

"(3) Unfairly, without due regard to the equities of a dealer and without just provocation, to cancel the franchise of such dealer."

Plaintiff states that by reason of the violation of the quoted statute said cancellation occurring contemporaneously with or subsequent to the termination of the contract on September 30, 1953, plaintiff lost future profits, good will, equipment and fixtures purchased in furtherance of its dealership, and has, in effect, been put out of business. The cancellation is alleged to be without just provocation in that defendant's predecessor, Hudson Sales Corporation, acted unlawfully, maliciously, wilfully, wantonly and unfairly, without due regard to the equities of the dealer.

B. Defendant's motion to dismiss contends that the cause of action contains mere conclusions of the pleader; that the action, if any, is barred by the statute of limitations under § 8–24 of the Code of Virginia 1950; that the complaint does not assert that plaintiff owned or possessed any franchise other than the one contained in the contract which terminated on September 30, 1953; and, finally if § 46–534(3) may be deemed applicable, it is void as being in violation of § 63, subd. 18, of the Constitution of Virginia in that it is a special law prohibited as such, and is further in violation of the Fourteenth Amendment of the Constitution of the United States. Sec. 63 of the Constitution of Virginia provides:

"The General Assembly shall not enact any local, special or private law in the following cases:

\* \* \* \* \* \*

"18. Granting to any private corporation, association, or individual any special or exclusive right, privilege or immunity."

2. *As to second cause of action:*

A. Incorporating by reference the allegations of the first cause of action, plaintiff asks damages for defendant predecessor's unlawful, malicious, wilful and wanton acts in coercing, or attempting to coerce, plaintiff to accept delivery of automobiles, parts and accessories, not ordered by plaintiff, in violation of § 46–534(1) of the Code of Virginia 1950 (the first paragraph of which has been heretofore quoted and will not be repeated); § 46–534(1) reading:

"(1) To coerce, or attempt to coerce any dealer to accept delivery of any motor vehicle or vehicles, parts or accessories therefor, or any other commodities, which shall not have been ordered by such dealer."

B. Defendant's contentions as set forth in its motion to dismiss the second cause of action are the same as those asserted to the first cause of action.

3. *As to third cause of action:*

A. Again incorporating by reference all prior allegations, plaintiff alleges that defendant's predecessor unlawfully, maliciously, wilfully and wantonly threatened to cancel plaintiff's franchise unless it accepted delivery of vehicles, parts, accessories and other commodities not ordered by plaintiff, in violation of § 46–534(2) of the Code of Virginia 1950 (the first paragraph of which has been heretofore quoted and will not be repeated); § 46–534(2) reading:

"(2) To coerce, or attempt to coerce any dealer to enter into any agreement with such manufacturer, factory branch, distributor or distributor branch, or representative thereof, or do any other act unfair to such dealer, by threatening to cancel any franchise existing between such manufacturer, factory branch, distributor, distributor branch or representative thereof and such dealer."

B. Relying upon the same assertions as contained in the motion to dismiss the first and second causes of action, defendant further points out that the

third cause of action fails to state an action either ex contractu or ex delicto.

It will be noted that the foregoing three causes of action are grounded upon the Virginia statutes referred to above.

The fourth cause of action, after incorporating all prior allegations, alleges certain acts of defendant's predecessor allegedly having taken place during the period of the contract wherein lists of plaintiff's customers and prospective customers were submitted to other dealers by Hudson Sales Corporation, and advertising data was sent to said customers and prospective customers in behalf of plaintiff's competitors; all of which is alleged to be in violation of the final contract between the parties. Plaintiff seeks a recovery under this cause of action for loss of profits, loss of value of equipment and fixtures, loss of value of good will, and loss of value of its repair shop and used car trade, allegedly by reason of defendant's unlawful, malicious, wilful and wanton acts. Defendant contends that this cause of action fails to state a claim upon which relief can be granted; that the allegations are mere conclusions and do not aver any breach of legal duty; and, further, that the alleged claim is barred by § 8–24 of the Code of Virginia 1950.

In the fifth cause of action, after incorporating by reference all prior allegations, plaintiff asks damages by reason of the alleged failure of defendant's predecessor to repurchase parts, accessories and special tools as allegedly provided by the final contract between the parties. Defendant's motion to dismiss asserts the same grounds as submitted in response to the fourth cause of action.

The sixth cause of action, after incorporating by reference all prior allegations, is grounded upon the alleged violations of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7 and the Clayton Anti-Trust Act, 15 U.S.C.A. §§ 12–27, relating to a conspiracy in restraint of trade and the creation of a monopoly. ■ The defendant's motion to dismiss the sixth cause of action is well founded. The factual situation is substantially similar to Schwing Motor Co. v. Hudson Sales Corp., D.C., 138 F.Supp. 899, affirmed per curiam by the United States Court of Appeals for the Fourth Circuit, 239 F.2d 176. But for the provisions of the Virginia law as referred to in the first three causes of action, Schwing would be authority for the dismissal of all except the fourth and fifth causes of action in this controversy.

■ There is no merit to that portion of the motion to dismiss wherein the statute of limitations is asserted. Under § 8–24 of the Code of Virginia 1950, an action must be instituted within five years if it be a matter which will survive. Clearly, the property rights allegedly invaded will survive and the action was timely. Westover Court Corp. v. Eley, 185 Va. 718, 40 S.E.2d 177; Barnes Coal Corporation v. Retail Coal Merchants Ass'n, 4 Cir., 128 F.2d 645, 649; Zoby v. American Fidelity Company, D.C., 137 F.Supp. 38.

■ Equally without merit is the insistence that the complaint alleges conclusions of law rather than facts. It is sufficiently alleged to permit the framing of a responsive pleading. It complies with the spirit and intent of Rule 8(a) of the Federal Rules of Civil Procedure, 28 U.S.C. Through the medium of discovery and/or interrogatories, defendant may secure all factual details necessary. Should defendant be unable to prepare a responsive pleading, a motion for a more definite statement under Rule 12(e) would be in order, in which event defendant should point out the details desired, bearing in mind that plaintiff is only required to set forth a "short and plain statement" of his claim.

The fourth and fifth causes of action manifestly state a sufficient cause of action and the motion to dismiss same will be denied. Under authority of Schwing Motor Co. v. Hudson Sales Corp., supra, the motion to dismiss the sixth cause of action will be granted.

■ Approaching the question of the constitutionality of § 46–534(1), (2) and

(3) of the Code of Virginia 1950, the statutes are not so vague and indefinite as to be unenforceable by reason of the failure to prescribe standards. The words "unfairly, without due regard to the equities of a dealer and without just provocation", as well as "coerce" and "threaten", were apparently designed to permit evidence relating to the course of dealings, the nature of the business, the custom of the trade, the details leading up to a failure to renew the franchise, or a threatened cancellation thereof, and other factors to be considered by the court or jury hearing the case.

■ Nor can it be said that the statutes violate the equal protection and due process clauses of the Fourteenth Amendment to the Constitution of the United States. In Williamson v. Lee Optical Co. of Oklahoma, 348 U.S. 483, 75 S.Ct. 461, 464, 99 L.Ed. 563, the court said:

> "The day is gone when this Court uses the Due Process Clause of the Fourteenth Amendment to strike down state laws, regulatory of business and industrial conditions, because they may be unwise, improvident, or out of harmony with a particular school of thought (citing authorities). We emphasize again what Chief Justice Waite said in Munn v. State of Illinois, 94 U.S. 113, 134, 24 L.Ed. 77, 'For protection against abuses by legislatures the people must resort to the polls, not to the courts.'"

■ The serious question presented is whether the statutes now under consideration are violative of § 63, subd. 18, of the Constitution of Virginia prohibiting special or class legislation. The leading case in Virginia on this subject is Joyner v. Centre Motor Co., 192 Va. 627, 66 S.E.2d 469, 470. Closely related though it may appear to be, it is not sufficient for this Court to strike down as unconstitutional the statutes in question in the absence of a controlling state decision. In Joyner, the court held that the classification made and restrictions imposed fostered and protected the commercial interests of enfranchised dealers through unnatural and unreasonable classifications which were not in the interest of public health, morals, safety or general welfare. The Legislature had therein defined a "new motor vehicle" as one titled for 30 days or less in other than in the name of the manufacturer or licensed *new* motor vehicle dealer, or had not been driven more than 500 miles. Code Va.1950, § 46–503. All other vehicles not meeting the foregoing classification were defined as "used motor vehicles". The statute further defined a "new motor vehicle dealer" and "used motor vehicle dealer", and proceeded to make it unlawful for any motor vehicle dealer to sell or offer for sale any new motor vehicle unless armed with a written contract or franchise from the manufacturer or authorized distributor. In effect, the statute in question under the Joyner case created a monopoly in favor of the enfranchised dealer.

Such is not the situation in the instant case. True, the offensive statute in Joyner (§ 46–535) and the statute under attack in this controversy were enacted at the same session of the General Assembly. But in § 46–535 a monopoly was created under the guise of public welfare; whereas under § 46–534(1, 2, 3) protection from coercive methods, threats, and abrupt cancellation of franchises is afforded with due regard to the equities of all parties. Through the power of a franchise, manufacturers may resort to tactics having a serious effect upon the economics of dealers and, in turn, the public in general. As was said by Justice Miller in Joyner, supra:

> "Acts of the Legislature are presumed to be constitutional unless illegality appears upon their face. Every reasonable doubt in this respect must be resolved in favor of validity, and any natural, reasonable and appropriate classification will be upheld. Likewise, the need for classification and its reasonableness are primarily matters for legislative determination, yet wholly arbitrary

selection can never be justified by calling it classification."

The Courts of Virginia are open to defendant to test, by way of declaratory judgment or otherwise, the constitutionality of the statute under attack. Should such an action be instituted promptly, this Court will delay a trial of this action pending the controlling decision. Under the present state of the pleadings this Court declines to rule that the statute is so arbitrarily discriminatory that it is unconstitutional. Martin's Ex'rs v. Commonwealth, 126 Va. 603, 102 S.E. 77, 724.

As early as 1937 the State of Wisconsin, recognizing the apparent inequities existing between manufacturer and dealer in the automobile industry by reason of franchise contracts, enacted a statute providing, in substance, for the suspension or revocation of a license of any manufacturer *"who has unfairly, without due regard to the equities of said dealer and without just provocation, canceled the franchise of any motor vehicle dealer"*. In Buggs v. Ford Motor Co., 7 Cir., 113 F.2d 618, 619, the court, in discussing the contract, had this to say:

> "It is one (the contract) which affords some support for the wisdom and necessity of legislation which protects the weak against a strong party in situations like the instant one. The terms of this and other similar agreements had, no doubt, a casual bearing upon the passage of the legislation which the State of Wisconsin enacted in 1937. It cannot be ignored in considering the validity of such legislation."

The court held, however, that the Wisconsin statute (218.01(3) (a), subd. 17) enacted July 14, 1937, did not apply to, or affect, existing valid contracts as the one then under consideration.

In 1955, the Wisconsin statute, essentially the same in effect as the Virginia statute, was reviewed in Kuhl Motor Co. v. Ford Motor Co., 270 Wis. 488, 71 N.W.2d 420. By a divided court with a majority of one on rehearing, the Wisconsin Supreme Court upheld the validity of the statute. Defendant here urges that the reasoning of the majority in the Wisconsin case is completely vacuous in the application of constitutional principles and hence should be disregarded. Such an argument lends force to this Court's position in not declaring the statute unconstitutional, particularly when it is conceded by defendant that the Wisconsin and Virginia statutes are similar. Admittedly there is a factual differential in that the Wisconsin case dealt with an attempted cancellation of a contract which apparently had not terminated, whereas, in the present controversy, the termination did not take place until after the contractual agreement had apparently expired by its terms. Be that as it may, the Virginia statute makes it unlawful to "threaten" to cancel any franchise, and plaintiff alleges in his third cause of action that such threats occurred during the contract period. If such acts did take place and, assuming arguendo the constitutionality of the statute in question, the subsequent cancellation may well give rise to a cause of action under § 46-534(3) even though the contract period had expired by its terms.

The defendant's motion to dismiss the first, second and third causes of action will be denied.

Order accordingly.