## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Julian D. Lewis et al.

v.

Sears Roebuck & Co.

June 20, 1969

By JUDGE ALEX H. SANDS, JR.

This matter is before the Court upon defendant's plea of the statute of limitations. The gravamen of plaintiffs' charges is that on or about October 30, 1967, they purchased from defendant an oil furnace for the purpose of heating their greenhouse and that as the result of the faulty design, manufacture, installation, adjustment or maintenance the temperature of the greenhouse fell to a point which destroyed the floral contents of the greenhouse. This action was instituted February 19, 1969, to recover the value of the contents of the greenhouse thus destroyed.

In support of defendant's plea, it is urged that the damages sought are of a consequential .and not of a direct nature and that, therefore, under the provisions of Section 8-24 of the Code of Virginia of 1950, as amended, the one year period of limitation governs and that plaintiffs' case was not instituted within one year after the cause of action arose.

Up until the adoption by the Virginia Legislature in 1964 of its version of the Uniform Commercial Code, the Virginia Supreme Court of Appeals consistently held that whether the five year or the one year limitation provided for in that section 8-24 applied depended upon whether the cause of action was of such nature that it would survive; that if it would, the

limitation was five years, but if it would not, the limitation would be one year. Progressive Realty Corp. v. Meador, 197 Va. 807 (1956); Carva Food Corp. v. Dawley, 202 Va. 543 (1961).

While there appears to be no Virginia case factually on all fours with the case at bar, a review of these Virginia decisions which lay down the guidelines for determining which period of limitation controls, Richmond Redevelopment, etc. v. Laburnum, 195 Va. 827 (1954); Cover v. Critcher, 143 Va. 357 (1925); Mumpower v. Bristol, 94 Va. 737 (1897); Vance v. Maytag, 159 Va. 373 (1932), convinces the Court that under the facts alleged in the motion for judgment the applicable limitation, prior to 1964, would have been one year and the defendant's plea a valid one.

While the point has not as yet reached our Supreme Court of Appeals for decision, it would appear that the adoption of the Commercial Code has changed the above rule insofar as it concerns causes of action arising out of sales contracts. The existing interpretation of Section 8-24 (as to causes of action not affected by the adoption of the Commercial Code) is that if the damages sought flow directly from the act charged against the defendant the action survives and the five year limitation applies whereas if the damages sought are indirect or consequential, that the action does not survive and the one year period is applicable.

Section 8.1-106 dealing with the general provisions of the Commercial Code provides that the remedies provided by the act shall be liberally administered to the end that the aggrieved party may be put in as good a position as if the other party had fully performed. The section further provides, however, that consequential damages may not be recovered unless specifically provided in the act or by other rule of law.

Section 8.2-714 specifically allows the recovery of consequential damages in an action for breach of warranty and Section 8.2-715 states that such consequential damages include "injury to person or property

proximately resulting from any breach of warranty." Section 8.2-725(1) provides:

> An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued.

The "official comment" following this Code section stated:

> This article takes sales contracts out of the general laws limiting the time for commencing contractual actions and selects a four year period as the most appropriate to modern business practice.

That causes of action growing out of breach of warranty are included in the general term "action for breach of any contract" is made perfectly clear by subparagraph 2 of Section 8.2-725 which deals expressly with breach of warranty.

For the above reasons it is held that the four year period of limitation controls this action and the defendant's plea of the statute of limitations is, accordingly, overruled.