**Harry X. NORTHERN, Plaintiff,**

v.

**Louis S. NELSON, Warden, San Quentin State Prison, Defendant.**

**No. C-69 279.**

United States District Court, N. D. California.

July 8, 1970.

Stanley Joseph Zaks, San Francisco, Cal., for plaintiff.

Thomas C. Lynch, Atty. Gen., Robert Granucci, Deputy Atty. Gen., Albert W. Harris, Jr., Asst. Atty. Gen., San Francisco, Cal., for defendant.

## FINAL ORDER

ZIRPOLI, District Judge.

This matter came before the Court based on the civil rights complaint of

plaintiff, Harry X. Northern, against defendant, Louis S. Nelson, Warden, San Quentin State Prison.

Upon the record herein it appears:

1. That plaintiff had not been allowed to receive on a regular basis the newspaper *Muhammad Speaks*.

2. That eleven of the thirteen prison facilities hereinafter listed do not have copies of the book entitled *The Holy Qu-ran* by Usef Ali.

3. That there are currently no provisions for payment by state authorities of a Muslim minister at a rate comparable to that which is paid to chaplains of the Catholic, Jewish and Protestant faiths.

4. That reasonable access to copies of *Muhammad Speaks* and *The Holy Qu-ran* are at minimum necessary for effective exercise of plaintiff's right to practice the Muslim religion.

5. That in the past availability of the newspaper *Muhammad Speaks* has not resulted in disruption of prison discipline.

6. That plaintiff received disciplinary infractions for the possession of *Muhammad Speaks* while in San Quentin.

7. That disciplinary infractions resulting from possession of *Muhammad Speaks* have been deleted from plaintiff's prison records, and his complaint with regard to such infractions is therefore moot.

8. In light of the fact that a daily menu is posted and that the diet presently in use at state prison facilities is adequate to meet the dietary needs of all inmates at such facilities and as constituted does not unreasonably impinge upon the free exercise of the religious beliefs and practices of such inmates who adhere to the Muslim religion, the complaint as it relates to the prison diet is therefore moot.

Accordingly, pursuant to the Court's opinion of June 22, 1970, it is ordered:

1. That plaintiff be allowed, to receive at his expense on a regular basis, the newspaper *Muhammad Speaks* unless it can be clearly demonstrated that a specific issue will substantially disrupt prison discipline.

2. That, if not heretofore provided, the thirteen prison facilities hereinafter named shall make available to inmates requesting it and in accordance with Department of Corrections and institutional library rules which are uniformly applicable to all inmates, at least one copy of the book entitled *The Holy Qu-ran* by Usef Ali:

California Medical Facility, Vacaville

Folsom State Prison, Represa

North Coast Conservation Center, Garberville

California Correctional Institution at Tehachapi

California Conservation Center, Susanville

Deuel Vocational Institution, Tracy

Sierra Conservation Center, Jamestown

California Institution for Men, Chino

Southern Conservation Center, Chino

California State Prison, San Quentin

California Men's Colony, East Facility, San Luis Obispo

California Men's Colony, Los Padres

Correctional Training Facility, Soledad

3. That a Muslim minister, when available and otherwise authorized to perform religious services pursuant to and in accordance with Department of Corrections and institutional rules, shall be paid by the prison authorities at an hourly rate comparable to that which is paid to chaplains of the Catholic, Jewish and Protestant faiths.

4. That the prison facilities which have made available Muslim literature in addition to *Muhammad Speaks* and *The Holy Qu-ran,* shall not interpret this order to mean that such additional literature should be discarded.

5. The damages claimed (actual and punitive) by plaintiff are without substance or foundation to justify the granting thereof and the prayer therefor is dismissed.