Charles A. L. ALMOND, Plaintiff,

v.

John E. KENT, Sheriff, Augusta County, Virginia, Sergeant R. C. Gaunce, Trooper I. B. Davis, Trooper Manley Brown, and Augusta County Division, Virginia State Police, Defendants.

Civ. A. No. 70–C–36–H.

United States District Court,
W. D. Virginia,
Harrisonburg Division.

Dec. 15, 1970.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This action was originally brought in the United States District Court for the Eastern District of Virginia on July 15, 1969 against John E. Kent, Sheriff of Augusta County, and the Augusta County Division of the Virginia State Police. Its nature is an action under 42 U.S.C. § 1983 for deprivation of civil rights. Plaintiff alleges 1) that the Virginia State Police unreasonably beat him with resulting physical injuries; 2) that his shoes were taken from him at the Augusta County jail; 3) that he was placed in "isolation" and was denied visits from his wife and family; and 4) that the bail set for him ($50,000) was excessive. The course of the pleading process is somewhat complicated but subsequent to the complaint, with the leave of court, Sergeant Gaunce, Trooper Davis, and Trooper Brown were added as party defendants. The cause was then transferred to this court.

All of the defendants have moved the court to dismiss the complaint on the ground that Federal Rule of Civil Procedure 17(b), which provides that the capacity of an individual to sue is determined by the law of his domicile, prevents the plaintiff from maintaining this suit in his personal capacity. It is contended that Va.Code Ann. § 53–307 (Repl.Vol.1967)[1] requires that the plaintiff sue in the name of a committee appointed for him by the state courts. Individual defenses have also been raised. Before the three additional party defendants were added, the Virginia State Police answered that none of its members were named as party defendants and by implication that it was not a proper party under a section 1983 action. Sheriff Kent denied that as to him the complaint stated a claim upon which relief could be granted. The three added defendants who are members of the State Police have interposed among other defenses a plea of the Statute of Limitations.

The issues posed are not without some difficulty. First to be faced is the question of the plaintiff's capacity to bring the suit. It seems clear that Rule 17(b) does not exactly envision the problem presented in this case. An examination of the cases treating analogous situations is helpful. Lombardi v. Peace, 259 F.Supp. 222 (S.D.N.Y.1966) concerned an action brought by a state prisoner for violation of civil rights through an alleged conspiracy. Confronted with a New York law which declared a prisoner civilly dead and, by construction, unable to bring a suit, the court held, as an alternate ground for decision, that Rule 17(b) prevented any suit. The *contra* result when faced with the same statute was reached in Beyer v. Werner, 299 F.Supp. 967 (E.D.N.Y.1969). This latter

---

1. Such committee may sue and be sued in respect to all claims or demands of every nature in favor of or against such convict after judgment of conviction, estate, and he shall have the same right of retaining for his own debt as an administrator would have. No action or suit on any such claim or demand shall be instituted by or against such convict after judgment of conviction, and while he is incarcerated.

"[S]uits respecting the person or estate of a convict must be instituted in the name of his committee." Merchant's Amr. v. Shry, 116 Va. 437, 448, 82 S.E. 106, 110 (1914).

view is in accord with the decisions reached in Siegel v. Ragen, 88 F.Supp. 996 (N.D.Ill.1949) and McCollum v. Mayfield, 130 F.Supp. 112 (N.D.Cal. 1955), approved in Weller v. Dickson, 314 F.2d 589 (9th Cir.), cert. denied, 375 U.S. 845, 84 S.Ct. 97, 11 L.Ed.2d 72 (1963).

Somewhat broader in scope is the decision in Seybold v. Milwaukee County Sheriff, 276 F.Supp. 484 (E.D.Wis. 1967). There the court allowed a prisoner to file a copyright infringement action but refused to order his keepers to produce him for a trial of the issues. It retained the case on the docket until the prisoner's release, however, to protect him from the running of the Statute of Limitations. The wider question of a federal prisoner's right to file a civil action in the absence of any disabling statute was presented in Tabor v. Hardwick, 224 F.2d 526 (5th Cir. 1955), cert. denied, 350 U.S. 971, 76 S.Ct. 445, 100 L. Ed. 843 (1956). A prisoner alleged that he wished to institute an unspecified civil action but that the warden refused to mail his pleading. While the court recognized that prisoners always have the right to inquire into the legality of their confinement, it did not believe that "the principle of the cases so holding should * * * be extended to give them an absolute and unrestricted right to file any civil action they might desire." 224 F.2d at 529. The court mentioned the potential disruption of prison routine and burden on the courts caused by a flood of groundless suits filed by prisoners eager for a break in the monotony of prison life.

■ It will be noted that the Virginia statute is different from the statutes faced in some of the cases mentioned above. Those statutes prevented the prisoner from presenting his contentions to the courts in any capacity at all.

While the Virginia statute prevents any claims by or against an incarcerated convict in his personal capacity, it allows such claims to be litigated on behalf of the convict by his committee. The appointment of such a committee by the appropriate state court apparently is mandatory on the motion of any interested party. Va.Code Ann. §§ 53–305, 53–306 (Repl.Vol.1967). In view of the fact that in this instance Rule 17(b) does not have the effect of absolutely preventing a suit, the court is of the opinion that such a civil action for damages must be brought in the name of a prisoner's committee.

The question whether the same result would be reached if the committee was unwilling to bring the suit is not presented in this case. In view of the court's disposition, neither is it necessary to determine whether, on a suit properly brought, the court would order production of a prisoner for the purpose of testifying at a trial on his claim for damages. See Seybold iv. Milwaukee County Sheriff, supra.

■ Even if this action could properly be brought in the plaintiff's personal capacity, the court believes that it cannot be maintained for other reasons. 42 U.S.C. § 1983 [2] imposes liability on every person who under color of state law subjects another person to deprivation of any rights, privileges or immunities secured by the Constitution and laws. In Monroe v. Pape, 365 U.S. 167, 187–192, 81 S.Ct. 473, 5 L.Ed.2d 492, 505–507 (1961) the Supreme Court held that section 1983 did not subject municipalities to liability. The court believes that even if the "Augusta County Division, Virginia State Police" exists as a legal entity, it is not properly subject to liability under this statute. It sees no reason to distinguish between a state agency and a municipality.

2. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

As to the allegations against Sheriff Kent, the court is unable to find a deprivation of any rights secured by the Constitution or laws. It should be noted that no specific allegations are made against Sheriff Kent although general complaints are made about the prisoner's confinement in the Augusta County jail. While no reason appears why the prisoner's shoes were taken from him, it is difficult to see that this alleged act deprived Almond of his civil rights. The allegation is frivolous and inconsequential. As to the alleged confinement in "isolation" it is not alleged that Almond was denied the right to see counsel and it is not believed that the jailor had any Constitutional duty to allow the prisoner's wife and family to visit him. The allegation of excessive bail is of no import against the Sheriff who had no authority to set the bail. Even if he had had that authority Almond does not allege that he asked for a reduction in the bail set.

Although the matter is not free from doubt, the court is further of the opinion that a plea of the Statute of Limitations is good. While the three defendants raising this defense suggests that two years is the applicable limitation period, the true period is believed to be one year. No Statute of Limitations for a section 1983 action is set out in the federal statutes and the limitation period is determined by the applicable state statute.

McIver v. Russell, 264 F.Supp. 22 (D.Md.1967). The pertinent statute is Va.Code Ann. § 8–24 (Repl.Vol.1957).[3] The defendants apparently believe that since the plaintiff alleges that they beat him, the two year period for personal injuries is properly applied. This view finds support in Hughes v. Smith, 389 F.2d 42 (3d Cir. 1968), where the plaintiff alleged that he was unreasonably beaten by the defendant police officers. He brought an action under the Civil Rights Act and the court held that the New Jersey Statute of Limitations of two years for injury to the person was applicable. A different view was expressed in McIver v. Russell, supra, which also involved an action for recovery of damages for an unlawful arrest and unreasonable beating under the Civil Rights Act. The court disregarded the applicable periods for assault and battery, false imprisonment, and similar torts and applied the period relevant to violations of the Maryland Declaration of Rights. It held that one Statute of Limitations should be applied to all section 1983 actions to avoid inconsistency and confusion. It further noted that a given state of facts may give rise to both a common-law tort action and a section 1983 action, but the elements are not the same. This court finds itself in harmony with the latter holding because the essence of a section 1983 action is a deprivation of civil rights and not the specific assault or indignity inflicted on the plaintiff. The applicable period for a section 1983 action should not vary according to the particular facts alleged.

The Virginia law on this point is not as clear as might be desired. Va.Code Ann. § 8–24 (Repl.Vol.1957) provides that every action for personal injuries shall be brought within two years. Every personal action for which no limitation is otherwise prescribed shall be brought within five years if the action is survivable. If the action is not survivable, it shall be brought within one year. As to what personal actions are

---

3. Every action for personal injuries shall be brought within two years next after the right to bring the same shall have accrued. Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that in case a party dies it can be brought by or against his representative; and, if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued.

survivable, Va.Code Ann. § 8–628.1 (Supp.1970) provides in part:

> No cause of action for injuries to person or property shall be lost because of the death of the person liable for the injury. No cause of action for injuries to person or property shall be lost because of the death of the person in whose favor the cause of action existed, provided said person's subsequent death was not occasioned by the acts giving rise to such cause of action. No such action for personal injuries, except an action brought by a person under disability at the time of the injury may be brought more than two years after the injuries occurred. Nothing contained in this section shall be construed to extend the time within which an action for any other tort shall be brought, nor to give the right to assign a claim for a tort not otherwise assignable.

While in a sense it seems that any tort involves some kind of injury, even if only a legal injury, to either person or property, § 8–628.1 makes clear by its terms that it does not apply to all torts. It seems evident that the terms "injuries to person" in § 8–628.1 and "personal injuries" in § 8–24 should be read as physical or bodily injuries. The statute was not intended to make survivable personal tort actions which do not involve physical injuries. Otherwise the *one year limitation period in § 8–24 for personal actions which do not survive* would be rendered meaningless.

Before the enactment of § 8–628.1 the Supreme Court of Appeals of Virginia set forth the principles governing the survival of tort actions.

> [W]hat tort actions survive? The answer is: Those for wrong to property, real or personal, or which grow out of breach of contract, but not for wrongs done to the person or reputation, or any purely personal wrong, apart from property or contract. An action for breach of promise of marriage does not survive at common law, nor under the Virginia statute. Winston

v. Gordon, 115 Va. 899, 915–916, 80 S.E. 756, 763 (1914).

For example, it had been held that an action for malicious prosecution did not survive. Mumpower v. City of Bristol, 94 Va. 737, 27 S.E. 581 (1897). It is clear that actions for damages to one's property, estate, or business receive the benefit of the five year period. See Barnes Coal Corp. v. Retail Coal Merchants Association, 128 F.2d 645 (4th Cir. 1942).

■ On the basis of the foregoing analysis, it seems evident that an action based on deprivation of civil rights is a personal action for which no limitation is otherwise prescribed, that it does not primarily involve physical injury to the person and therefore does not survive, and that it is subject to a one year limitation period. The alleged actions complained of occurred in 1967 but the action was not filed until July 15, 1969. Therefore the plea of the Statute of Limitations raised by the three added party defendants is sustained.

The motions to dismiss are granted in favor of all the defendants. The complaint is dismissed with prejudice.

If the plaintiff wishes to appeal this judgment, or any part thereof, he should file within 30 days a notice of appeal with the clerk of *this* court. Failure to file a notice of appeal within 30 days may result in a denial of the right of appeal. The notice of appeal shall state the following:

1) the judgment, order, or part thereof appealed from;

2) the party or parties taking the appeal; and

3) the court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

The clerk shall send certified copies of this opinion to the plaintiff and to counsel for the defendants.