**Ricky T. LOVERN et al.**

v.

**John H. COX, Head Jailer, Pulaski County Jail.**

**Civ. A. No. 73-C-159-R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

April 2, 1974.

A. Dow Owens, Commonwealth's Atty., Pulaski County, Pulaski, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

This proceeding involves a civil action against John H. Cox, Head Jailer of the Pulaski County Jail, filed *pro se* by several inmates of the Pulaski County Jail pursuant to the Civil Rights Act, 42 U.S.C. § 1983. The inmates' petition contains numerous complaints concerning the conditions of their confinement, and requests that the court enjoin the respondent from continuing the practices which have allegedly created these conditions. The petition suffers from infirmities frequently present in *pro se* complaints, in that it repeatedly concerns matters which are solely within the discretion of prison authorities and, in addition, contains many conclusory allegations lacking in factual verification. Although this Circuit adheres to a policy favoring liberal construction of *pro se* petitions, nevertheless, in order to state a claim for relief under § 1983 "there must be alleged facts (1) constituting a deprivation of a right guaranteed by the 14th Amendment (2) under color of state authority." Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1963). Hence, several of petitioners' allegations are not cognizable because they do not pertain to paramount federal constitutional rights, although they do involve matters which naturally are of vital concern to the inmates. Breeden v. Jackson, 457 F.2d 578 (4th Cir. 1972). Within this category, are petitioners' contentions regarding the absence of television or radio and the mingling of military and civilian prisoners. Neither of these claims merits consideration in this court since they are matters entirely within the purview of the jail officials. Various petitioners' complaints relate to matters cognizable under § 1983, but are inadequate as presented, because they fail to establish facts upon which relief can be granted. Absent a minimum factual presentation, a federal court does not have the authority to conduct a general inquiry into the operation of state prisons. *See, e. g.,* Negrich v. Hohn, 379 F.2d 213 (3rd Cir. 1967). Therefore the complaints regarding the general practices of the respondent, the behavior of his dogs, "peeping" by the respondent's wife and the female cook, the delay in obtaining trial, inadequate heat, discrimination, and respondent's refusal to call attorneys when requested, are appropriate for dismissal since they

are simply too broad and conclusory. These allegations are unsupported by factual verification and fail to relate specific incidents wherein petitioners' rights were denied, or any damage suffered.

Remaining for consideration are various other complaints, which the court will treat individually.

Petitioners complain about the quality of the food they are served and that on various occasions hairs from respondent's dogs have been found on the food. The extensive documentation of the meals provided inmates, contained in petitioners' complaint, establishes that a sufficient diet is provided and, absent a showing of resulting illness, no constitutional infringement is evident. *See, e. g.*, Holt v. Sarver, 300 F.Supp. 825 (E.D.Ark.1969). Nor does an occasional incident of a foreign object discovered in the prison food raise a question of constitutional proportions. Sinclair v. Henderson, 331 F.Supp. 1123 (D.La.1971).

Similarly, the contentions regarding unsanitary maintenance and upkeep do not constitute conditions so hazardous to life, health or safety as to warrant the intervention of a federal court. *See,* Layne v. Johnson, No. 14,384 (4th Cir. April 14, 1970) (mem); McLaughlin v. Royster, 346 F.Supp. 297 (E.D.Va.1972).

The complaints regarding the failure to provide lunch for inmates who are taken to court in the morning and not tried until the afternoon and the lack of drinking water, not only do not involve paramount rights, 457 F.2d 578, but also certainly do not establish that petitioners' right of access to the state courts has been impaired. *See* Ex Parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L. Ed. 1034 (1941).

The allegations regarding the adequacy of the medical treatment provided prisoners are wholly inadequate since they are merely general conclusory statements. Absent factual allegations of obvious neglect or intentional mis-

treatment, courts should rely on prison authorities to insure adequate medical care is available. Cates v. Ciccone, 422 F.2d 926 (8th Cir. 1970).

Respondent may justify his refusal to permit inmates to receive newspapers and magazines only if it can be clearly demonstrated that receipt is likely to cause substantial disruption of prison discipline or security. Northern v. Nelson, 315 F.Supp. 687 (N.D.Cal. 1970). The court finds that respondent's decision was reasonable since in an affidavit he explained that newspapers have continually been used to stop up the plumbing and on two occasions were used to burn mattresses.

Likewise, the regulation of inmate mail appears reasonable. Inmates must be allowed reasonable correspondence, however, it is subject to reasonable censorship and other restrictions as a necessary adjunct of prison administration. McCloskey v. State of Maryland, 337 F.2d 72 (4th Cir. 1964). Petitioners have not established that the restrictions on their correspondence affects some absolute right which the law secures to an individual even while imprisoned (i. e., right of access to the courts; right to be free from discrimination against religious beliefs or race). *See* Lee v. Tahash, 352 F.2d 970 (8th Cir. 1965).

Petitioners' complaint regarding the greater privileges accorded trustees concerns a matter which is within the discretion of jail authorities. Prison authorities must be given freedom to decide what security measures and conditions of confinement are appropriate with respect to each prisoner. 337 F.2d 72, Roberts v. Pegelow, 313 F. 2d 548 (4th Cir. 1963).

The contentions regarding the availability of bond and waiver, besides being factually unsupported, concern judicial matters and, therefore, are not within the authority of respondent. Almond v. Kent, 321 F.Supp. 1225 (W.D. Va.1970), rev'd on other grounds, 459 F.2d 200 (4th Cir. 1972).

 Finally, the court is constrained from ruling on the advisability of the respondent's visiting regulations. Absent extraordinary circumstances, internal concerns of this nature should be resolved by jail officials. *See*, Walker v. Pate, 356 F.2d 502 (7th Cir. 1966). It would appear more reasonable, however, if visiting hours were on the weekend rather than on Tuesday from 1:00 p. m. to 4:00 p. m. Although the court recognizes that local jails are faced with distinct security problems, every effort should be made to allow visitations by children, and the length of visits should be extended to allow the inmates the benefits of visiting with friends and family.

For the aforementioned reasons, the petition is hereby ordered dismissed.