## CIRCUIT COURT OF THE CITY OF RICHMOND

Richard Strazzula

    v.

Colonial Ford Truck Sales, Inc.

March 12, 1975

Case No. 6955

By JUDGE ALEX H. SANDS, JR.

This case is now before the Court upon defendant's plea of the statute of limitations. The amended motion for judgment alleges, *inter alia*, that defendant undertook certain repairs on plaintiff's tractor, that such repairs were negligently performed, and that as a result thereof plaintiff suffered (a) the expense of repairs, and (b) loss of employment. The plea of the statute is directed to the element of damage represented by "loss of employment." It is alleged that the faulty repairs were effected on or about June 22, 1971. Action was instituted on May 1, 1974.

The sole issue involved is whether the claim for "loss of employment" is controlled by the one-year or the five-year period of limitations.

It is apparently conceded by all parties that the applicable period of limitations is embodied in § 8-24 of the Code of Virginia,[1] the disagreement arising over

[1] Code Section 8-24 reads: "Of actions not before specified. Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that in case a party die it can be brought by or

whether the one or the five-year statute under this section applies to plaintiff's cause of action. This determination depends upon whether the cause of action be of such nature that it would survive. If the action would survive, then the limitation is five years; otherwise, one year. *Progressive Realty Corp. v. Meador*, 197 Va. 807 (1956); *Worrie v. Boze*, 198 Va. 533 (1956). The yardstick by which this controlling determination is to be reached has been even more narrowed and simplified by the Virginia Supreme Court. Where the damage to property for which recovery is sought is the *direct* result of the defendant's wrong, the five-year period applies. Where, on the other hand, the damage is an *indirect* or consequential result of the wrong, the one-year statute is applicable. *Richmond Redevelopment & Housing Authority v. Laburnum Const. Corp.*, 195 Va. 827 (1954); *Mumpower v. Bristol*, 94 Va. 737 (1897).

Applying this criterion to the cause of action asserted by plaintiff there could be no doubt whatsoever that the damages claimed are of an indirect and consequential and not of a direct nature. The essential elements required for establishing *direct* damages are set forth in the pilot case of *Winston v. Gordon*, 115 Va. 899 (1914), to be either (1) the actual taking or carrying away of property, or (b) the waste or destruction of property, or (3) the impairment of or interference with an existing right of property, including the breach of a contract which would have conferred such a right if it had been fulfilled.

The fatal flaw in plaintiff's position is that it flies into the teeth of both *Mumpower, supra*, and *Carva Food Corp. v. Dawley*, 202 Va. 543 (1961). In *Mumpower*, the defendant maliciously and without probable cause obtained an injunction against the plaintiff which suspended operation of his mill and thereby caused loss of income from plaintiff's business. The court, in holding the loss to be "consequential" as opposed to "direct" and in applying the one-year statute of limitations, said:

against his representative; and, if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued."

It is quite obvious that this injunction did not operate to take or carry away the goods of the plaintiff, nor cause the waste or destruction of or inflict any damage upon, the estate of the plaintiff. It is true that the language of the statute is comprehensive and embraces damage of any kind or degree to the estate, real or personal, of the person aggrieved; but the damage must be direct, and not the consequential injury or loss to the estate which flows from a wrongful act directly affecting the person only. No part of the defendant's property was taken or carried away; no part of it was wasted or destroyed; the plaintiff's use of his property, and not the property itself, was affected by the act of which he complains.

A very similar situation was involved in *Richmond Redevelopment & Housing Authority v. Laburnum Const. Corp.*, 195 Va. 827 (1954). There a defective pipe joint gave way and escaping gas caused an explosion which destroyed a building. Plaintiff contended that the explosion was the direct result of the faulty pipe joint and that the five-year period of limitation applies. The Virginia Supreme Court disagreed saying:

The resultant damage thus caused cannot be classed as direct damage, for had the allegedly faulty joint (the direct damage) not broken, permitting gas to escape, etc., the indirect or consequential damage here sued for would not have occurred. "Consequential damage" is defined in Black's Law Dictionary, 3rd ed., p. 403, as: "Such damage, loss or injury as does not flow directly and immediately from the act of the party, but only from some of the consequences or results of such act." We are of the opinion the trial court correctly ruled that Counts 1 and 3 did not allege a direct damage, did not state a cause of action which would survive, and that the one-year limitation in § 8-24 was applicable to them.

The direct damage sustained by plaintiff in the case before the court was the damage, if any, to the equipment resulting from the faulty repairs, and this would be controlled by the five-year period. The loss of employment resulting from the lay up of the equipment would be consequential or indirect and controlled by the one-year statute.

Plaintiff relies on *Almond v. Kent*, 321 F. Supp. 1225 (W.D. Va. 1970), and *Rowe v. U. S. Fidelity, etc.*, 421 F.2d 937 (4th Cir. 1970), to support its contention that the five-year period of limitations is applicable to its claim for loss of employment. Neither case appears to support plaintiff's position. *Almond* involved an action by plaintiff for "deprivation of personal rights" resulting from an alleged beating administered to plaintiff by a member of the state police. Judge Dalton, after reviewing the Virginia rule, held that the cause of action was not of the character which would survive and that it was subject to the *one-year period*.

In *Rowe* the action was against an insurer for failure to settle within the policy limits. The court, after an exhaustive discussion of the subject under Virginia law, held that this was the type of action which would survive and be enforceable by the insured's estate and that, therefore, the five-year period was applicable. The case is factually totally dissimilar to the case at bar.

For the above reasons, the plea of the statute of limitations will be sustained as to that portion of plaintiff's alleged damages which relates to loss of employment.