**Louis Wade DANNEMAN, Plaintiff,**

v.

**Mayor Vincent C. SCHOEMEHL, Jr., and Warden Gilmore, Defendants.**

No. 84–2766 C (5).

United States District Court, E.D. Missouri, E.D.

Feb. 7, 1985.

---

tiff also fails to allege that either defendant failed to properly train, supervise or in some manner control the actions of the persons directly involved in the incident complained of by plaintiff. The doctrine of *respondeat superior* does not apply to claims arising under § 1983. *Pearl v. Dobbs,* 649 F.2d 608, 609 (8th C 1981); *Careaga v. James,* 616 F.2d 1062, 1063 (8th C 1980), *cert den.* 449 U.S. 851, 101 S.Ct. 140–141, 66 L.Ed.2d 62 (1980).

It has been held that an isolated instance of contaminated prison food does not rise to the level of a constitutional violation cognizable under § 1983. *Freeman v. Trudell,* 497 F.Supp. 481 (D.Mich. 1980); *Lovern v. Cox,* 374 F.Supp. 32 (D.Va.1974); *Sinclair v. Henderson,* 331 F.Supp. 1123, 1126 (D.La.1971). This Court agrees.

The Court has carefully reviewed plaintiff's complaint and is convinced that there are no set of facts which plaintiff can plead entitling him to relief in this Court. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Haggy v. Solem,* 547 F.2d 1363 (8th C 1977).

Louis Danneman, pro se.

James J. Wilson, City Counselor, St. Louis, Mo., for defendants.

### ORDER

LIMBAUGH, District Judge.

**IT IS HEREBY ORDERED** that defendants' motion to dismiss be and is **GRANTED** pursuant to Rule 12(b)(6). Plaintiff has alleged that on October 27, 1984, while incarcerated in the City Jail in St. Louis, Missouri, he discovered insects in his food. He filed his suit against Warden Gilmore and Mayor Vincent Schoemehl.

Plaintiff fails to allege any personal participation on the part of defendant Mayor Schoemehl or Warden Gilmore. Plain-