# CIRCUIT COURT OF ROANOKE COUNTY

Herman Thomas Ferguson

v.

Alvis Staples Flinchum and
Checker Cab Co. of Va., Inc.

March 31, 1959

By JUDGE F. L. HOBACK

The Plaintiff, on September 25, 1957, filed his Motion for Judgment against the Defendants, alleging a cause of action growing out of false imprisonment and malicious prosecution, which, the Plaintiff contends, was the result of the action of both Defendants. Process was duly served on the Vice-President of the Defendant Checker Cab Company of Virginia, Incorporated, on September 27, 1957, and on the Defendant Alvis Staples Flinchum on October 1, 1957. Thereafter, on October 17, 1957, a "Special Plea of Statute of Limitations of Checker Cab Company of Virginia, Incorporated" was filed herein. No further action has been taken in regard to this pending Motion for Judgment until a Motion was made on behalf of the Plaintiff on January 30, 1959, for an Order striking the Special Plea of Statute of Limitations on the grounds that said Special Plea is contrary to the law of this Commonwealth.

The Court heard the arguments of Counsel on January 30, 1959, and requested Briefs from said Counsel setting out the authorities relied upon by each. A Memorandum was filed on February 23, 1959, by Counsel for the Plaintiff, and on March 7, 1959, the Memorandum of the Defendant Checker Cab Company of Virginia, Incorporated, was filed herein.

It is not contended that the five-year limitation provided for in Section 8-24 of the 1950 Code of Virginia

has any application to the question now before the Court, as no one has contended that the cause of action of the Plaintiff is one that would survive his death and could thereafter be brought by or against his personal representative.

It is contended by the Plaintiff that the one-year limitation in said Section 8-24 does not apply, but the two-year limitation in said Section, provided for in the amendment of 1954, controls the time within which the Plaintiff could assert his cause of action, and, having done so within the two-year period, the Special Plea of the Defendant Checker Cab Company of Virginia, Incorporated, should be stricken and not sustained. The Defendant Cab Company, on the other hand, contends that the amendment of 1954 is not applicable to the cause of action asserted by the Plaintiff, but is restricted to actions for personal injuries and that the cause of action of the Plaintiff does not grow out of personal injury and is thus governed and controlled by the one-year period of limitation.

The Court has carefully reviewed both Briefs and other authorities which the Court deemed pertinent.

Prior to the Amendment, it was well settled that:

> The right of action for a personal tort such as false imprisonment dies with the party and does not survive to the personal representative. 8 M.J. 455, Sec. 12.

It has also been determined that:

> The right to sue for malicious prosecution of a civil action accrues upon the rendition in the trial court of a judgment for the defendant in the action complained of, and is barred by the statute of limitations if not asserted within one year after such judgment, although the Plaintiff in the suit which it is claimed was maliciously prosecuted may have a right to apply for an appeal or a rehearing, of which he does not avail himself. The right of action, being in tort for injury to the person, does not survive to the personal representative of the person injured, and is not assignable. See 12 M.J. page 332, Section 32.

See also Burks Pleading and Practice, 4th Edition, page 405, Section 234, wherein it is stated:

> (1) *Tort or contract.* Whether the limitation to be applied in a particular case is a tort or contract limitation, where either may be brought, is determined by the object of the action, and not simply by its form. If the injury sought to be redressed is *merely personal*, whether resulting from breach of contract or from tort, the action dies with the person and the tort limitation applies. (Citing cases.)

In 21 M.J. under Words and Phrases, page 313, there appears a definition of injury as follows:

> *Injury.* The word "injury," as applied to a personal injury to a human being, includes whatever lesion or change in any part of the system produces harm, or pain or a lessened facility of the natural use of any bodily activity or capability. Burlington Mills Corp. v. Hagood, 177 Va. 204, 13 S.E.2d 291 (1941).

In Section 65-7 of the Code of Virginia under Workmen's Compensation, a statutory definition of injury is as follows:

> Unless the context otherwise requires, "injury" and "personal injury" mean only injury by accident, or occupational disease as hereinafter defined, arising out of and in the course of the employment and do not include a disease in any form, except when it results naturally and unavoidably from either of the foregoing causes.

Numerous cases are cited under the annotation of this section.

In 134 A.L.R. at page 751, there appears an annotation entitled: "What amounts to a personal injury within venue statute." This annotation follows the case of *Coca-Cola Bottling Co. v. J. O. Kincannon, Judge.* (Apparently they sue Judges in Arkansas.) 150 S.W.2d 193. In this annota-

tion, on page 753 under the General topic of "False imprisonment and malicious prosecution," it is stated:

> There is some difference of opinion among the Courts as to whether an action for false imprisonment or malicious prosecution is an action for personal injury or for injury to persons within the contemplation of a venue statute.

And further, with reference to a California case cited on this page, there is set out the following:

> The court said: "We are of the opinion that the words 'injury to person' are, by the language which follows in the Code section, limited to the wrongful or negligent act of another, and that it was not intended by said amendment to extend the right of place of trial to such a trespass as is described by the complaint in the instant case. The specific terms indicate that the injuries to person within the contemplation of the legislature were those which caused physical injury or incapacity or which result in death." In further support of its position, the court made reference to the legislative intent. It said that there could be little doubt that the increasing number of bodily injuries and deaths and injuries to property brought about by the general use of motor vehicles gave the legislature the suggestion for the amendment, and that at the session when the amendment was adopted the legislature was engrossed with the subject of personal injuries and not at all with common-law trespasses, as evidenced by other acts, including the Industrial Accident Board Act, passed at the same session.
>     Likewise, one maintaining an action for malicious prosecution and false arrest, charging that he was injured socially and financially, and suffered great loss and injury to his business, his good name, his credit, and his reputation, was held in *Plum* v. *Forgay Lumber Co.*, (1931) 118 Cal. App. 76, 4 P.2d 804, not entitled to retain the action for trial in the county

where his arrest occurred under a statute providing that a cause shall be tried "in the county where the injury occurred" if it be "an action for injury to person, or property," on the ground that the injury to person or property referred to in the statute is limited to the infliction of physical or bodily injury and does not include mere injury to reputation, business, or personal feelings.

Other cases were cited in this annotation which have some bearing on the problem, though no later or subsequent annotation dealing with this subject was found by the Court.

After considering the authorities cited in both Briefs and particularly the language of the Court of Appeals of Virginia in *Herndon* v. *Wickham*, 198 Va. 824 (1957), and in the case of *Weaver* v. *Beneficial Finance Company*, 199 Va. 196 (1957), and after reading Section 8-24 of the 1950 Code of Virginia, as amended, in conjunction with Section 8-628.1 of said Code, as amended, the Court is of the opinion that there was no intent on the part of the Legislature to change the Statute of Limitations from one to two years on causes of action for false imprisonment and malicious prosecution. Section 8-24 uses the language that:

> Every action for *personal injuries* shall be brought within two years next after the right to bring the same shall have accrued. Every *personal action*, for which no limitation is otherwise prescribed, shall be brought within five years. . . . The amendment extending the period within which an action for *personal injuries* may be brought under this section to two years shall not apply to any cause of action arising prior to July one, nineteen hundred fifty-four.

This section specifically uses the words "personal injuries" in two separate provisions, and in the five-year limitation refers to personal action (not injuries) for which no limitation is otherwise prescribed (actions which survive), and the section does not alter the provision that:

if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued.

In Section 8-628.1, as amended, it is provided that:

No cause of action for injuries to person or property shall be lost because of the death of the person liable for the injury. . . [or because] of the death of the person in whose favor the cause of action existed.

But any recovery for mental anguish, pain or suffering was prohibited. The section then recites that:

No such action for *personal injuries*, (not injuries to the person) except an action brought by any person under disability at the time of the inquiry may be brought more than two years after the injuries occurred.

It may be noted that this portion of the section deals with "personal injuries" and not injuries to person as is set out in the first portion of the section. The section specifically contains the provision:

Nothing contained in this section shall be construed to extend the time within which an action for any other tort shall be brought, nor to give the right to assign a claim for a tort not otherwise assignable.

See also in this connection the recent case of *Sherley* v. *Lotz, Adm.*, 200 Va. 173 (1958), in which case it was contended that the amendments extended the period of limitations of actions for personal injuries to five years and which contention was rejected by the Court of Appeals, and, apparently, by inference at least, restricting the new two-year period of time to personal injuries only.

It is manifest, therefore, that the amendments of 1954 to Section 8-24 and 8-628.1 apply specifically to *personal injuries* as used in the common and everyday meaning as distinguished from other tort actions which

result in mental anguish, pain or suffering, but not accompanied by any physical damage or bodily injury to the person.

In Vol. VII, No. 3 of the *Virginia Bar News*, on page 3 thereof, there appears a brief abstract of trial court opinions, one of which is entitled *Fraud and Deceit -- Statute of Limitations*:

> In an action brought to recover damages for fraud and deceit more than a year after the alleged tortious acts, defendant pleaded the statute of limitations. Held, plea sustained and case dismissed. The one year statute of limitations of Code Sec. 8-24 is applicable because an action for fraud and deceit is not one "for injuries to person or property" within Code Sec. 8-624.1 and therefore would not survive the death of defendant. *Rayner* v. *Sopko*, Circuit Court of the City of Portsmouth (1958), H. W. MacKenzie, Jr., Judge.

This Court is, therefore, of the opinion that the views set forth in the Memorandum of Authorities filed on behalf of the Defendant, Checker Cab Company of Virginia, Incorporated, are correct and that the Special Plea of the Statute of Limitations filed herein should be sustained. An Order may be prepared in accordance with the views set forth in this written Opinion, overruling the Motion of Counsel for the Plaintiff for an Order striking the Special Plea of the Statute of Limitations, and sustaining said Special Plea and dismissing the Plaintiff's Motion for Judgment.