## CIRCUIT COURT OF THE CITY OF RICHMOND

Carol Gaines

v.

Safeway Stores

January 26, 1977

Case No. A-80

By JUDGE WILLARD I. WALKER

At the hearing of this matter, defendant's demurrer was abandoned. It was stipulated between parties that the incident giving rise to the causes of action occurred on January 13, 1975, and that plaintiff's causes of action for slander and insulting words are time barred. The question before the court is whether plaintiff's causes of action for false imprisonment and battery, as alleged in her motion for judgment, are barred by a one-year statute of limitations. The court finds that they are.

Virginia Code Section 8-24 provides in pertinent part:

Every action for personal injuries shall be brought within two years next after the right to bring the same shall have accrued. Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that in case a party die it can be brought by or against his representative; and, if it be for a matter not of such nature, shall be brought within one year next

after the right to bring the same shall have accrued.

In the court's opinion, false imprisonment and battery are wrongs done to the person as opposed to wrongs done to property. Accordingly, the five-year limitation of Section 8-24 is not involved. The issue is whether to apply the two-year limitation for *personal injury* or the one-year limitation for other *personal actions* which do not survive death.

In the court's view, the proper interpretation of the distinction made in § 8-24 between *personal injury* and *personal action*, is found in *Almond v. Kent*, 321 F. Supp. 1225, 1229 (W.D. Va. 1970).

> While in a sense it seems that any tort involves some kind of injury, to either a person or property, § 8-628.1 [which specifies that personal injury actions survive] makes clear by its terms that it does not apply to all torts. It seems evident that the terms "injuries to person" in § 8-628.1 and "personal injuries" in § 8-24 should be read as physical or bodily injuries. The statute was not intended to make survivable personal tort actions which do not involve physical injuries. Otherwise the one year limitation period in § 8-24 for personal actions which do not survive would be rendered meaningless.

From a careful reading of plaintiff's motion for judgment in its entirety, it is clear that plaintiff is not seeking recovery for physical injuries done to her corporeal body. Rather, she seeks redress for humiliation, embarrassment, etc., arising out of alleged slander, insulting words, false imprisonment and battery. To be sure, she alleges some physical ailments and discomfort, but these ailments are incidental to the emotional trauma arising from the defendant's actions and not from physical bodily injuries arising from her false imprisonment or a battery upon her body. Accordingly, the court finds that the plaintiff's allegations are personal actions which, under Virginia Code § 8-24, must be brought within one year from the that of accrual. The cause of action accrued January 13, 1975. The motion for judgment was

filed on December 3, 1976. Therefore, the suit must be dismissed.