## Richmond

JOSEPH S. GOODSTEIN, INDIVIDUALLY, ETC., ET AL.

v.

EVERETTE G. ALLEN, JR., AND CO-PARTNERS, ET AL., ETC.

June 12, 1981.

Record No. 790635.

Present: All the Justices.

*John C. Lowe (Lowe and Gordon, Ltd.,* on briefs), for appellants.

(*William S. Smithers, Jr.; E. Olen Culler; Lewis T. Stoneburner; Thompson, Savage and Smithers; Press, Fenderson, Culler, Jones and Waechter, P.C.,* on brief), for appellees.

Case submitted on brief for appellees.

PER CURIAM.

This appeal is a sequel to that adjudicated in *Goodstein* v. *Weinberg,* 219 Va. 105, 245 S.E.2d 140 (1978), and we will summarize the facts in that case.

In June 1972, Joseph S. Goodstein and Sheldon Ruben, individually and trading as G&R Associates (G&R), the appellants in that case and in the one at bar, contracted to buy a tract of land for industrial development. G&R employed Jay M. Weinberg, Allen S. Buffenstein, and Hirschler & Fleischer, Attorneys, to examine the title and "to advise [G&R] on all aspects of the acquisition of the property." This firm and these attorneys were predecessors to Everette G. Allen, Jr., and co-partners, *et al.* d/b/a Hirschler, Fleischer, Weinberg, Cox and Allen, Attorneys (H&F), the appellees at bar.

With G&R's consent, H&F employed the engineering firm of Froehling & Robertson, Inc. (Froehling), to conduct a geological survey to investigate "potential problems" discovered on the land. H&F's associate Buffenstein examined the title and, purportedly, contacted county authorities concerning availability of water and sewer service, one of the conditions of the purchase contract. Froehling submitted its report in August 1972, and, with Buffenstein's assistance, G&R consummated the transaction on October 3, 1972.

In mid-1974, G&R learned that sewer service was not available and that extensive sand and gravel mining operations prior to 1972 had rendered the property unsuitable for industrial development without substantial cost. In January 1975, H&F filed suit for G&R against Froehling, seeking damages for negligence. Pre-trial proceedings revealed evidentiary conflicts concerning the character of the survey H&F employed Froehling to conduct. Froehling had received no written instructions and denied any knowledge of the terms and conditions written into the purchase contract by G&R. According to G&R, Buffenstein had told them on the day the sale was closed that he had telephoned Froehling and received assurance that G&R could "build a twenty story building on the property." According to Froehling, such a conversation never occurred.

H&F withdrew as G&R's counsel on June 16, 1975, and G&R amended their motion for judgment and added H&F as parties defendant. In the first count, G&R claimed compensatory damages in tort against both Froehling and H&F. In the second, G&R sought compensatory and punitive damages against H&F alone for fraud and professional negligence. H&F demurred and filed a plea of the statute of limitations. The trial court, finding a misjoinder of parties, severed the suits, and, finding a misjoinder of actions, required G&R to elect whether to proceed in tort or in contract. G&R chose tort, and the contract action was dismissed without prejudice.

Pursuing their election against H&F alone, G&R filed another amended motion for judgment, "based solely on tort liability," and H&F filed another plea of the statute of limitations. The trial court applied the one-year tort limitation, sustained H&F's plea, and dismissed G&R's motion for judgment, and G&R appealed to this Court.

In August 1977, while that appeal was pending, H&F sued G&R for attorneys' fees for services rendered in the suit against Froehling. G&R defended on the ground of fraud and filed a counterclaim seeking damages for breach of contract. In response, H&F filed a special plea in bar and a plea of the statute of limitations.

During the pendency of this suit, we affirmed the judgment in G&R's tort case in an opinion rendered June 9, 1978. *Goodstein* v. *Weinberg, supra.* By final order entered January 23, 1979, the court below sustained H&F's two pleas and dismissed G&R's

contract counterclaim. On appeal, G&R challenge the rulings on both pleas.

In their special plea in bar, H&F moved to dismiss G&R's counterclaim on the ground that it was "barred by doctrine of res adjudicata in that the final judgment rendered in [G&R's original suit] . . . is conclusive upon them" and that it was "barred by the doctrine of Election of Remedies". Although the trial judge did not assign any reason in the order sustaining the special plea in bar, we will uphold his ruling if he was right for either reason.

Since the two pleas were factually inter-related and the trial judge sustained both, it appears his ruling on the special plea in bar was grounded in the doctrine of *res judicata.* While the central issue in the original suit was whether G&R's claim was governed by the one-year limitation in tort cases or the three-year limitation in contract cases, G&R alleged that H&F "should be estopped from pleading the statute of limitations" because of certain fraudulent acts.* Since G&R had elected to proceed in tort, the trial judge ruled that the limitation was one year and that the statute had run before suit was filed on the cause of action which accrued on October 3, 1972. We affirmed his ruling in *Goodstein* v. *Weinberg, supra.* On that appeal, G&R did not challenge the ruling on the ground H&F had been estopped or the statute had been tolled. Yet, the trial judge's finding that the statute had run was necessarily a holding that the statute had begun to run on October 3, 1972 and that it had not been tolled. Our affirmance was a final adjudication to that effect.

In the contract case now before us, G&R, relying on precisely the same allegations of fraud and continuing services as those pleaded in the tort case, maintain that the date damages were incurred "would have been October 3, 1972, but the statute . . . would have been tolled by . . . fraudulent concealment", and that the statute was tolled under the "continuation of services" rule in *McCormick* v. *Romans and Gunn,* 214 Va. 144, 148, 198 S.E.2d 651, 654 (1973). But the contract remedy arose from the same

*Specifically, G&R had alleged that H&F "entered into a course of conduct designed to conceal . . . the negligence" and "to cover up the negligence and breach of contract in such a way as . . . to delay [G&R] beyond the statutory period of limitations within which [G&R] could obtain recovery", and that this was accomplished, in part, by "[c]ontinuing to represent [G&R]" and by "[m]isleading [G&R] by words and actions into foregoing or delaying their obtaining competent legal representation . . . until some of the periods of limitations may have expired."

wrong as the tort remedy, and, if the statute had not been tolled as to one, it was not tolled as to the other.

We hold, therefore, that our decision in *Goodstein* was *res judicata* as to the tolling questions raised in this case, and that the trial court did not err in sustaining the special plea and the plea of the statute of limitations. Accordingly, we will affirm the judgment.

*Affirmed.*