## CIRCUIT COURT OF THE CITY OF RICHMOND

August Moon

v.

CBS, Inc., and
Farrar, Straus & Giroux, Inc.

June 29, 1981

Case No. LD-1544

By JUDGE WILLARD I. WALKER

In this case the plaintiff seeks to recover from the defendant publishing companies based on alleged defamatory statements contained in a book published by them. The matter is now before the court on defendant's demurrer to plaintiff's motion for judgment and also on defendant's special plea of the statute of limitations pursuant to Va. Code Ann. § 8.01-248 (1977 Repl. Vol.). For the reasons stated below, the court concludes that the defendant's plea of the statute of limitations is valid, and, therefore, the issue concerning plaintiff's identity, raised by demurrer, is not considered.

The facts of the case pertinent to this decision are as follows.

On May 5, 1978, the hard-cover edition of a book called *Easy Money* was published by defendant Farrar, Straus & Giroux, Inc. (FSG). The book allegedly contains defamatory statements about the plaintiff. This hard-cover edition was available and communicated to the public in May, 1978.

In August of 1978 a licensing agreement was signed between defendants FSG and CBS, Inc. (CBS) in which CBS obtained the right to publish and distribute the soft-cover edition of *Easy Money* containing the identical text of

the hard-cover edition. CBS planned to market *Easy Money* nationally as part of its regular distribution of paperbacks, which go out in groupings several times a year. The soft-cover edition of *Easy Money* was scheduled as an October, 1979, release but was available and communicated to the public in late September of 1979, it being the custom of the distributor to have the book ready for sale by the first of the month. Plaintiff filed this suit on October 22, 1980, against the publisher of both the hard-cover edition and the soft-cover edition of *Easy Money.*

Va. Code Ann. § 8.01-248 (1977 Repl. Vol.) mandates a one-year statute of limitations for causes of action for which no other limitation is set forth. In order to come within this one-year limitation, the plaintiff urges the court to adopt the "multiple publication" rule, under which a new cause of action would accrue every time the libelous article or book is sold or delivered to a third party. The better reasoned and majority view is the "single publication" rule, wherein one cause of action is created when the libelous material is first communicated to a third party, and no new cause of action is created if that same material is sold again at a later date.

The nature of modern communication is such that the rationale of the "multiple publication" rule would be unworkable and would in effect destroy any protections afforded by a one-year statute of limitations. It is not inconceivable to imagine a situation in which a libel action is brought many years after the initial publication of the material, but still within the statutory period, because of a recent sale of the material. Such a situation would place insurmountable burdens upon defendants.

The "multiple publication" rule also creates the opportunity for a multiplicity of suits based upon the same libelous material on the theory that the plaintiff is libeled anew each time the material is communicated to a third party. I adopt the "single publication" rule as the one to be applied in this case.

This leads to the issue of when exactly the alleged libelous material was communicated to a third party. This date is not the publishing date as used in the literary sense but is the date on which the alleged libelous material is actually communicated to a third party.

The evidence is uncontroverted that the hardcover edition of *Easy Money* was available to the public in May of 1978. I therefore find that the plaintiff's cause of action against FSG must be dismissed because the plaintiff did not file his action within one year from the date his cause of action accrued in violation of Va. Code § 8.01-248.

As to defendant CBS, Inc., the exact date on which the soft-cover edition of the book was available to the public is disputed. The defendants have shown that through the use of the normal channels of distribution the book must have been in the retail outlets no later than October 1, 1979. The plaintiff argues that this is speculation as to the exact manner of distribution of the soft-cover edition of *Easy Money*; however, the Regional Sales Manager of the book division of CBS testified from personal knowledge that the book was available to the public on September 27, 1979, in Richmond and Norfolk. I accept this evidence as fact.

This being the case, the plaintiff has failed to file his cause of action within one year of September 27, 1979, the date on which his cause of action arose. Therefore, I sustain the statute of limitations plea of CBS and dismiss plaintiff's action against this defendant as well.