## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Reinforced Earth Co.

v.

Ashcraft & Gerel et al.

December 19, 1983

Case No. (Law) 7945

### By JUDGE ALBERT H. GRENADIER

The plaintiff claims damages resulting from the publication by the defendants of letters containing allegedly libelous material. The defendants have filed a plea in bar and motion to dismiss Counts I and II of the motion for judgment, asserting that the claims made therein are time-barred. The defendants have also filed a demurrer and motion to dismiss alleging that the statements attributed to them are accorded absolute privilege and are therefore not actionable.

*Plea in Bar and Motion to Dismiss Counts I and II*

Counts I and II are both for defamation. Section 8.01-248 Virginia Code provides that "every personal action for which no limitation is otherwise prescribed shall be brought within one year after the right to bring such action has accrued." In *Weaver* v. *Beneficial Finance Co.*, 199 Va. 196 (1957), a special plea in bar was filed to a defamation action. It was conceded by the parties that the one-year statute of limitations applied. In *Moore* v. *Allied Chemical Corp.*, 480 F.Supp. 364 (E.D.Va. 1979), the court held that actions for defamation are governed by the one-year limitation period. It is the opinion of the

Court, therefore, that the one-year limitation applies.

The plaintiff argues that this time is somehow enlarged because the publication was not discovered for several months thereafter. This argument is without merit. Section 8.01-230 Virginia Code provides that an action is deemed to have accrued from the date the injury is sustained, not when the damage is discovered. As this suit was filed on January 10, 1983, and the publication of the alleged defamatory material occurred more than one year earlier, the Court is of the opinion that the causes of action asserted in Counts I and II are time-barred.

It should be noted that in Count II the plaintiff alleges a republication of the defamatory material. It is true that the defendant may be liable for any republication of the original defamation if such republication is the natural and probable consequence of the initial publication. However, the plaintiff has failed to allege sufficient facts with respect to the republication. The plaintiff does not state when the republication was made or to whom it was made. Nor can you infer from the pleadings that the republication was the natural and probable consequence of the initial publication. For these reasons the Court cannot find that the republication alleged in Count II occurred within the required statutory period.

### Demurrer and Motion to Dismiss

The defendant claims that this suit cannot be maintained because the defendant was absolutely privileged to publish the material in question. After a full consideration of the memoranda of counsel and its own research, the Court is of the opinion that the defendants are not entitled to an absolute privilege.

It is clear that the general rule is that statements made during the course of a judicial proceeding which are relevant to the subject matter of the litigation are absolutely privileged. This rule is based upon the belief that the public interest is best served when individuals who participate in lawsuits are allowed to conduct the proceeding with freedom to speak fully on the issues relating to the controversy.

See *Penick* v. *Ratcliffe*, 149 Va. 618 (1927); *Watt* v. *McKelvie*, 219 Va. 645 (1978).

The Virginia courts have not had the occasion to consider whether such privilege applies when the communication is outside the context of a legal proceeding and is directed to persons wholly unconnected to the legal action or proceeding. Complete immunity should not result when the statements are made extrajudicially. There are no public policy considerations that require an extension of absolute immunity for such extrajudicial statements. An attorney's need or desire to make inquiries outside the context of a suit then pending does not justify the same freedom of expression required to plead his cause in court.

Contrary to the view of the defendant the Court is of the opinion that the holding in *Schulman* v. *Anderson Russell Kill & Olick*, 117 Misc.2d 162, 458 N.Y.S.2d 448 (N.Y. Sup.Ct. 1982), is legally sound and correctly analyzes the law on this point. For the reasons stated in *Schulman* the Court is of the further opinion that the defendant has only a qualified privilege with respect to its extra-judicial statements. Therefore, in order to recover, the plaintiff must prove that the scope of the privilege was exceeded or that the words were uttered or published with actual malice. See 6A Michie's Jurisprudence, *Libel and Slander*, § 22 (1978).

Accordingly, the Court will enter an order dismissing Counts I and II as time-barred and overruling the demurrer and motion to dismiss.