## CIRCUIT COURT OF THE CITY OF LYNCHBURG

E. Wayne Crowder

v.

Chap Stick Co.

May 23, 1984

By JUDGE NORMAN K. MOON

It now appears that there is no case pending in the Supreme Court that will be decided within the near future concerning the question of wrongful discharge.

I have previously advised you that I would allow plaintiff to amend his pleadings to allege a wrongful discharge provided the statute of limitations had not run on such a cause of action. Plaintiff's cause of action arose more than one year prior to the commencement of his suits. I am of the opinion that this is not a personal injury action as contemplated in Section 8.01-243 of the Code or a contract action as contemplated in Section 8.01-246 of the Code. I find no other Code Section that specifically pertains to a statute of limitations for cases such as this. Wrongful discharge is similar to malicious prosecution and abuse of process to which Section 8.01-248 apply. Therefore, I conclude that Section 8.01-248 is the applicable Code Section. It provides, "Every personal action, for which no limitation is otherwise prescribed, shall be brought within one year after the right to bring such action has accrued."

Accordingly, plaintiff's motion to amend his pleadings is denied.