## CIRCUIT COURT OF THE CITY OF LYNCHBURG

Gail T. Marshall

v.

Medical Facilities of Am., Inc.

August 28, 1986

By JUDGE RICHARD S. MILLER

On the defendant's motion for Summary Judgment, I sustain said motion as to Counts One, Two and Three. Plaintiff voluntarily withdrew Count Six at the hearing on August 25, 1986. As to Counts Four and Five, I overrule the motion.

Under *Bowman* v. *State Bank of Keysville*, 229 Va. 534, 331 S.E.2d 798 (1985), cited in the briefs filed by both parties, Virginia is an employment "at will" state, subject to the very narrow public policy exception recognized in that case. I rule that the "at will" policy on the facts shown in the captioned case overrides and excludes the legal efficacy of any allegation of wrongful termination, breach of implied covenant of good faith and breach of contract. I further rule that the one-year statute of limitations under Section 8.01-248 applies to a suit for wrongful termination insofar as it is alleged in the motion for judgment.

As to Counts Four and Five, which I do not overrule, the allegations of slander and libel are subject to the one-year statute of limitations. *Morrissey* v. *William Morrow and Co.*, 739 F.2d 962 (4th Cir. 1984), cert. denied, 105 S.Ct. 1194, 84 L.Ed.2d 340 (1985). There is an issue of fact concerning the allegation of republication and the circumstances surrounding the same with reference to a communication from an employee (Bondurant) of the

defendant to a third party (Meridian) within the one year prior to the filing of the motion for judgment and so the statute has not run as to the allegations of Count Five.

The question of qualified privilege is open to a factual determination by the trier of fact and should be ruled on at the time of trial.

As to Count Four's allegation of intentional infliction of emotional harm, I rule that this tort, recognized in *Womack* v. *Eldridge*, 215 Va. 338 (1974), is subject to the limitation of Section 8.01-243(A) of two years and is not time-barred. The factual basis surrounding the termination apparently being somewhat in dispute, summary judgment is inappropriate at this time, even though all the elements necessary to prove the cause of action in *Eldridge*, *supra*, must be proven by the plaintiff.