## CIRCUIT COURT OF HENRICO COUNTY

Joseph Ellison

v.

St. Mary's Hospital et al.

February 9, 1987

Case No. 86L204

By JUDGE JAMES E. KULP

Plaintiff has filed suit against the defendants and has set forth his claims in five counts: (I) Intentional infliction of emotional distress; (II) Breach of employment contract; (III) Slander; (IV) Breach of good faith and fair dealing; (V) Conspiracy. The defendants have filed a Demurrer; Motion for Summary Judgment, plea of Statute of Limitations, and Answer and Grounds of Defense.

The various motions were brought on for hearing before the Court, and after hearing argument, the Court took the matters under advisement. The Court has maturely considered the memorandums of the parties, reviewed the pleadings and arguments of counsel and renders the following opinion.

During the argument, the plaintiff advised the Court that he took a nonsuit to Counts IV and V. Accordingly, those counts have been withdrawn and will not be given further consideration.

## Count I

In this count plaintiff alleges that defendants treated him badly while he was an employee of the defendant hospital. This ill-treatment caused him to leave his employment, and as a result of this treatment he has suffered extreme emotional distress, anxiety and severe mental anguish.

Defendants have filed both a Demurrer and a Motion For Summary Judgment as to this Count. During argument defendants advised the Court that they were relying solely upon the Demurrer, and the Court will consider the matter in this light only.

As observed by defendants, when a Court is called upon to rule upon a demurrer, the Court must accept as true all material facts that are properly pleaded. *Ames v. American National Bank*, 163 Va. 1 (1934). The defendants nevertheless maintain that even accepting all the allegations in plaintiff's Motion for Judgment as true, they fail to establish a charge of intentional infliction of emotional distress. Both parties agree that the law in Virginia concerning an action based upon the infliction of emotional distress is set forth in *Womack v. Eldridge*, 215 Va. 338 (1974).

In *Womack*, the Supreme Court of Virginia adopted the view that a cause of action will lie for emotional distress, unaccompanied by physical injury, provided four elements are shown: one, the wrongdoer's conduct was intentional and reckless; two, the conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; three, there was a causal connection between the wrongdoer's conduct and the emotional distress, and, four, the emotional distress was severe.

The Supreme Court noted that it was for the Court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery. Only in those cases where reasonable men may differ does it become one for the jury to determine the question of liability. In this Court's opinion, reasonable persons could not find that plaintiff's allegations would establish that defendants' conduct has been sufficiently extreme and outrageous to result in liability.

What conduct of defendants does plaintiff allege to entitle him to recover under Count I? Plaintiff alleges defendants gave him unfair work assignments, criticized his work in front of others, told him he had an "attitude problem," took him into an office and questioned him about drug use, gave him a choice of submitting his resignation or being fired, and barred him from the hospital grounds. (*See* Motion for Judgment, paragraphs 1-21).

In the Court's view these allegations do no more than detail a scenario carried out daily in the workplace. Every day, workers are criticized about their job performance and are undoubtedly given assignments which they feel are unfair and not part of their job description. Such conduct can hardly be given the dignity of being elevated to the level of "outrageous and intolerable in that it offends against the generally accepted standards of decency and morality." To make such actions as plaintiff alleges actionable would be to create chaos in the work place. Workers must not be so thin-skinned as to allow themselves to be unnerved by the rough and tumble of everyday life.

Plaintiff's allegations make out a situation "where only bad manners and hurt feelings are involved." As the Supreme Court held in *Womack*, this type of conduct cannot establish a cause of action.

During argument plaintiff stated that he was the subject to racial discrimination. In his memorandum plaintiff asserts that he was "verbally abused through the use of profanity and racial slurs and connotations." A review of the Motion for Judgment, however, fails to reveal any such allegations. At argument plaintiff also urged the Court to engraft on the law special protections for employees in the work environment. Whatever may be the virtue of plaintiff's request, he is in the wrong forum. It is not for the Court to make law, but only to interpret it. The plaintiff should direct his views on this subject to the General Assembly.

For the reasons set forth, the Court will sustain the demurrer as to Count I.

## Count II

Plaintiff alleges in this Count that defendants breached an employment agreement. Plaintiff does not allege that he had a written employment contract fixing

a definite term of employment. Plaintiff claims, however, that he had an implied contract based, in part, on the provisions in the employment manual supplied to him by defendants.

In Answer to Requests for Admissions, number 3, plaintiff admits that the foreward of the Personnel Handbook contains the statement, "[n]othing in this booklet constitutes a contract between the employee and the hospital." Plaintiff asserts that there is no legal significance to this language.

The Court is unable to accept plaintiff's position. The language in the Personnel Handbook is clear and unambiguous. For there to be a contract, there must be a meeting of the minds. Nothing could be more certain than the defendants did not create an employment contract through the use of the Personnel Handbook.

This Court's view is confirmed by the ruling in the case of *Mary Ann James v. HCA Health Services of Virginia, Inc., d/b/a Henrico Doctor's Hospital, et al.,* Henrico Circuit Court Case No. 84L75 (1/24/85), *petition for appeal refused* (12/3/85). In *James* the Court found plaintiff's "employment was terminable-at-will, that neither the [Employee Handbook of Personnel Policies] nor law alter the application of Virginia's employment-at-will rule to plaintiff's employment. . . ."

In this case plaintiff admitted during argument that he had no written contract for a specific duration, and conceded his employment was at will. Plaintiff, however, requests the Court to carve out an exception to the common-law rule that employment-at-will can be terminated at any time upon reasonable notice as the Supreme Court did in *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985). The circumstances in *Bowman* stand in stark contrast to those in this case.

In *Bowman* two bank employees, who owned stock in the bank, were fired when they refused to vote their shares as desired by the Bank's Board of Directors.

The Virginia Supreme Court noted in *Bowman* that Virginia had not deviated from the common-law doctrine of employment-at-will since it was first recognized in 1906. The Court went further and stated it would not alter the traditional rule, but the unique facts in *Bowman* required application of a recognized exception to the rule of terminability. The Court applied the exception

to the general rule when the termination was based upon retaliation in violation of some public policy. The public policy involved in *Bowman* was that which allows stockholders of a corporation the right to vote their shares free from duress and intimidation imposed by corporate management.

No comparable public policy exists in the present cases. What is involved in this case is the everyday situation involving bad manners and hurt feelings. To allow for an exception to the employment-at-will doctrine would allow the exception to swallow the rule. The factual circumstances in the present case are so common and universal that it would be hard to imagine a set of facts which could not fit into such an exception sought by the plaintiff.

From the foregoing, it is clear to the Court that plaintiff cannot recover under this count, and the Court will grant defendants' Motion For Summary Judgment as to Count II.

### Count III

Plaintiff seeks to recover in this count for slanderous statements allegedly made by defendant Oprison. The statements involved were allegedly made in a staff meeting in December, 1984.

As action for slander (defamation) is a mere personal action, and Virginia has consistently applied the one-year statute of limitations under § 8.01-248 of the Code of Virginia. See *Morrissey v. William Morrow & Company*, 739 F.2d 962 (4th Cir. 1984), *cert. denied* 105 S. Ct. 1194 (1985); 12A M.J., *Libel and Slander*, § 45 (1978).

Plaintiff's suit was filed in this matter on June 9, 1986. Unless there was some event which tolled the running of the statute of limitations, it is clear this cause of action is barred.

Plaintiff asserts that, pursuant to § 8.01-229(E)(1) the statute of limitations was tolled during the pendency of a similar suit in the Eastern District of Virginia. A review of the federal suit shows that plaintiff alleged that slanderous statements about plaintiff's use of drugs were made by Naomi Fox, whereas the allegations in the present action are against defendant Oprison for telling staff members that plaintiff had been fired for misconduct.

In *Brunswick Corporation v. Perkinson,* 153 Va. 603 (1930), the Supreme Court of Virginia held that "[i]n order that the time during which a former action while pending may be available in repelling the statute in a subsequent case between the parties, it accordingly appears that the cause of action in the two cases must be substantially identical." 153 Va. at 611. In the present case the Court finds that the federal case was not substantially identical. While both cases contained an allegation of slander, the allegations are about different statements and involve different defendants.

Accordingly, the Court finds Count III is barred by the statute of limitations.