# CIRCUIT COURT OF CHESTERFIELD COUNTY

Emma Annette Walker et al.

v.

Small Funeral Home et al.

November 30, 1993

Case No. CL93–21

BY JUDGE WILLIAM R. SHELTON

The Court has before it the issue of whether this action is governed by the limitations period set forth in Virginia Code § 8.01–243(A) ("every action for personal injuries, whatever the theory of recovery . . . shall be brought within two years after the cause of action accrues.") or Virginia Code § 8.01–248 ("Every personal action, for which no limitation is otherwise prescribed, shall be brought within one year after . . . such action has accrued.").

The threshold determination the Court must make is whether the plaintiffs' alleged physical and mental pain, suffering, and anguish are the product of some affirmative physical injury to the plaintiffs or whether the alleged injuries are incidental to the emotional trauma caused by the defendants' actions. In *Carol Gaines v. Safeway Stores,* 7 Va. Cir. 468 (1977), the Court stated:

> From a careful reading of plaintiff's motion for judgment in its entirety, it is clear that plaintiff is not seeking recovery for physical injuries done to her corporeal body. Rather, she seeks redress for humiliation, embarrassment, etc., arising out of alleged slander, insulting words, false imprisonment and battery. To be sure, she alleges some physical ailments and discomfort, but these ailments are incidental to the emotional trauma arising from the defendant's actions and not from physical bodily injuries . . . Accordingly, the court finds that the plaintiff's allegations are personal actions which, under

Virginia Code [Section] 8-24, must be brought within one year
from the date of accrual.

The Court finds that the plaintiffs in the case at bar suffered no
physical injuries to their corporeal body. Rather they seek recovery for
physical and mental pain, suffering and anguish which were all by-
products of the emotional trauma produced by the defendants' actions.

Even more analogous to this action is *McHenry v. Adams*, Essex
County Circuit Court, January 12, 1993▮ In that case, the plaintiff
suffered emotional distress from the indignities his decedent mother
suffered as a result of her improper burial. The Court in *McHenry*
couched the issue as follows:

> Thus the question is whether the plaintiff has sustained "per-
> sonal injuries" within the meaning of § 8.01–243 which pro-
> vides for a two-year period within which to bring suit. If he
> has not, § 8.01–248 must govern.

The Court concluded that the applicable statute of limitations was
indeed Virginia Code § 8.01–248 which required the filing of the ac-
tion within one year of accrual. Based upon the above case law, the
Court finds that this action is governed by Virginia Code § 8.01–248
which mandates that such actions be brought within one year of ac-
crual.

This action accrued on March 9, 1991, when the ceremony was held
during which the decedent was originally to be buried. This cause of
action was filed on March 3, 1993, and is therefore time barred by
Virginia Code § 8.01–248.