## CIRCUIT COURT OF THE CITY OF RICHMOND

Emmett L. Purcell, Jr.

v.

Tidewater Construction Corp.

May 24, 1994

Case No. LX-321-3

BY JUDGE T. J. MARKOW

This matter came before the court on April 29, 1994, on demurrer. Plaintiff filed the motion for judgment on February 3, 1994, pursuant to Va. Code § 65.2-308, contending that in June 1992, defendant wrongfully terminated his employment in retaliation for filing a worker's compensation claim. The demurrer attacks plaintiff's motion for judgment on the sole ground that it was filed untimely. As a procedural matter, although the plea of the statute of limitations is not cognizable in a demurrer, the court will consider defendant's pleading to be a plea of the statute of limitations for purposes of this opinion. The plea asserts that the limitations period for this action is governed by the one-year limitations period set forth in Va. Code § 8.01-248. Thus, defendant contends, this action is time-barred because it was not commenced within one year of the alleged wrongful termination.

Plaintiff counters that the two-year personal injury statute of limitations provided in Va. Code § 8.01-243(A) controls this action. In support of his position, plaintiff cites Virginia federal court decisions which have applied Virginia's two-year personal injury limitations period in actions brought under 42 U.S.C. § 1983, the federal statute which confers a private right of action upon anyone whose federal constitutional or statutory rights have been violated by a person acting under color of state law. In addition, plaintiff cites *Runyon v. McCrary*, 427 U.S. 160 (1976), in which the United States Supreme Court affirmed the Court of Appeals for the Fourth

Circuit's holding that Virginia's two-year personal injury statute of limitations governs actions for racial discrimination in contractual relations brought under 42 U.S.C. § 1981.

Under Virginia law, a cause of action accrues on the date that the party has a right to bring the asserted action. *Boykins Narrow Fabrics Corp. v. Weldon Roofing & Sheetmetal, Inc.*, 221 Va. 81 (1980). Thus, plaintiff's cause of action under Va. Code § 65.2-308 accrued in June, 1992, when he alleges that defendant improperly discharged him.

The dispositive issue before the court is which statute of limitations applies to this action, the two-year period set forth in Va. Code § 8.01-243(A) for personal injury actions or the one-year period provided in Va. Code § 8.01-248 for other personal action claims for which no specific period is set forth in the Code of Virginia?

Va. Code § 8.01-243(A) provides, in pertinent part, that "every action for personal injuries, whatever the theory of recovery . . . shall be brought within two years after the cause of action accrues." The phrase "personal injury" generally connotes a physical injury. *See e.g.*, Black's Law Dictionary 925 (4th ed. 1968) (giving the primary definition of "personal injury" as "[a] hurt or damage done to a man's person, such as a cut or bruise, a broken limb, or the like, as distinguished from an injury to his property or his reputation."). Virginia's Supreme Court has consistently applied the two-year statute of limitations set forth in § 8.01-243(A) only to actions in which the damages sustained involved physical injuries. By contrast, the one-year limitation has been held to control tort actions involving nonphysical injuries. *See e.g.*, *Weaver v. Beneficial Finance Co.*, 199 Va. 196 (1957) (applying one-year limitations to defamation action); *Watt v. McKelvie*, 219 Va. 645 (1978) (same); *Morrissey v. William Morrow & Co.*, 739 F.2d 962 (4th Cir. 1984), *cert. denied*, 469 U.S. 1216 (1985) (same); *Mumpower v. City of Bristol*, 94 Va. 737 (1897) (malicious prosecution action). *See also* Va. Code § 8.01-248, reviser's note (stating that one-year statute applies to "actions not otherwise covered by a statute of limitation: *e.g.*, malicious prosecution and abuse of process").

Plaintiff's reliance on *Runyon v. McCrary, supra*, is not well taken. As noted, *Runyon* held that Virginia's two-year statute of limitation period governed an action for racial discrimination in contractual relations brought under 42 U.S.C. § 1981. The *Runyon* court reasoned that Virginia's General Assembly's insertion of the phrase "personal injuries" into the two-year statute of limitations "was designed to distinguish those causes of action involving torts against the person from those involving

damage to property." 427 U.S. at 182. However, under *Runyon's* suggestion that the two-year statute of limitations governs every action involving injury to the person while the five-year limitations period controls every action for damage to property, the one-year limitations period would never apply. This result would seem contrary to the intent of Virginia's General Assembly, which presumably acted rationally in enacting Va. Code § 8.01-248. Moreover, this result conflicts with the Virginia Supreme Court decisions holding that the one-year period applies to personal actions involving nonphysical injury to a person, such as defamation. *See e.g., Weaver, supra.* Finally, although Virginia's Supreme Court has not addressed the issue of which limitations period governs an action for wrongful discharge brought under Va. Code § 65.2-308, Virginia's circuit courts have consistently applied the one-year period set forth in Va. Code § 8.01-248 to such actions. *See e.g., Mojica v. Virginia Electric & Power Co.*, Case No. LT-4294-4 (Richmond Cir. Ct., October 15, 1992); *Wright v. Buchanan Pump Serv. and Supply Co.*, 22 Va. Cir. 396 (Wise 1991); *Marshall v. Medical Facilities of America, Inc.*, 6 Va. Cir. 410 (Lynchburg 1986); *Crowder v. Chap Stick Co.*, 6 Va. Cir. 115 (Lynchburg 1986).

In addition, plaintiff's reliance on Fourth Circuit decisions which have applied Virginia's two-year personal injury limitations period in actions brought under 42 U.S.C. § 1983 is unpersuasive. At least two Virginia federal courts have applied the one-year statute of limitations set forth in Va. Code § 8.01-248 to actions for wrongful discharge. *See e.g., Guiden v. Southeastern Public Serv. Auth. of Va.*, 760 F. Supp. 1171, 1179 (E.D. Va. 1991); *Costanino v. Jaycor*, 816 F.2d 671 (4th Cir. 1987) (unpublished) (text in Westlaw).

Because a wrongful termination action is recognized as a personal tort action, *See e.g., Bowman v. Bank of Keysville*, 229 Va. 534 (1985), which results in nonphysical injury to the plaintiff, the one-year statute of limitations set forth in Va. Code § 8.01-248 controls. In the case at bar, plaintiff was discharged in June 1992. His motion for judgment was filed on February 3, 1994, more than one year after the action which formed the basis of his claim for wrongful discharge occurred. Therefore, under the applicable statute of limitations, plaintiff's action for wrongful discharge is time-barred.

For the foregoing reasons, the demurrer is sustained.