# CIRCUIT COURT OF THE CITY OF RICHMOND

Randall Tennant

v.

American Home Products, Inc.,
and Robert Davis

Case No. LW-3020-1

BY JUDGE MELVIN R. HUGHES, JR.

August 2, 1994

On June 30, 1994, this case came on to be heard on plaintiff's Motion for Leave to File Second Amended Motion for Judgment. The parties had earlier submitted briefs and provided additional authorities during the argument, after which the Court took the matter under advisement.

Plaintiff, Randall Tennant, filed his Motion for Judgment of November 4, 1993, against his former supervisor, Robert Davis, his employer, A.H. Robins Co., Inc., and the parent corporation of his employer, American Home Products Corporation. Plaintiff seeks damages for injuries suffered as a result of his supervisor's defaming and harassing actions. Plaintiff seeks recovery on the theories of intentional infliction of emotional distress, defamation, negligent hiring, retention, supervision, and failure to warn the plaintiff of the supervisor's propensity to abuse employees, and fraud. Plaintiff's claims for negligent supervision, failure to warn, and fraud were dismissed by the federal court before this case was remanded to this Court. Plaintiff now seeks to amend his motion for judgment to allege defamation and fraud claims against another supervisor, Thomas Callahan, who was not previously a defendant, and to allege additional defamation claims against the other defendants. Defendants oppose plaintiff's motion to amend, contending, *inter alia*, that the new defamation claims are barred by the statute of limitations.

The Motion for Judgment alleges that, beginning in 1980, plaintiff became employed as a salesman with defendant, A.H. Robins, which later

was acquired by defendant, American Homes Products. In July, 1992, plaintiff's sales territory was reassigned to the district that was supervised by defendant Davis. Over the ensuing months, defendant Davis, as plaintiff's new supervisor, engaged in a relentless campaign to belittle, insult, defame, harass, and demean the plaintiff. Specifically, defendant Davis made defamatory statements that plaintiff was lazy, a poor communicator, an incompetent salesman, performed inadequately in his job, was improperly trained, required increased supervision, and was not worthy of continued employment. Allegedly as a result of defendant Davis's statements, plaintiff's health began to deteriorate in October, 1992.

Plaintiff's proposed Second Amended Motion for Judgment adds the following new allegations. In July, 1992, plaintiff's regional supervisor, defendant Callahan, began publishing memoranda which were defamatory to plaintiff. These memoranda were dated between July 27, 1992, and October 15, 1992. Thus, all of the defamatory statements alleged in the proposed Second Amended Motion for Judgment were allegedly published on or before October 15, 1992.

Defendants contend, *inter alia*, that the new defamation claims in plaintiff's proposed amended pleading are barred by the statute of limitations. Defendants argue that the limitations period for defamation is governed by the one-year limitations period set forth in Va. Code § 8.01-248. Because plaintiff's Motion for Judgment was filed more than one year after the date on which the alleged defamatory statements were published, defendants argue, plaintiff's new defamation claims are time-barred. Plaintiff counters that the defamation claims are timely because they are governed by the two-year personal injury statute of limitations provided in Va. Code § 8.01-243(A).

The dispositive issue before the Court is which statute of limitations applies to this action: the two-year period set forth in Va. Code § 8.01-243(A) for personal injury actions or the one-year period provided in Va. Code § 8.01-248 for other personal action claims for which no specific period is set forth in the Code of Virginia.

Under Virginia law, a defamation cause of action accrues and the statute of limitations begins to run when the injury to reputation is sustained by publication. Va. Code § 8.01-230; *see, Weaver v. Beneficial Finance Co.*, 199 Va. 196, 200-01 (1957) (defamation action subject to general tort rule that statute of limitations begins to run when injury is sustained). Va. Code § 8.01-243(A) provides, in pertinent part, that "every action for personal injuries, whatever the theory of recovery . . . shall be brought within two

years after the cause of action accrues." Va. Code § 8.01-248 provides that every personal action for which no limitations period is otherwise prescribed shall have a one-year limitation period.

Virginia's Supreme Court has never squarely addressed the issue of which limitations period applies to defamation actions. However, the Court has consistently applied the two-year statute of limitations set forth in § 8.01-243(A) to cases involving bodily harm regardless of the theory of recovery. *See, e.g., Freidman v. Peoples Serv. Drug Stores, Inc.*, 208 Va. 700 (1968) (breach of warranty). Thus, actions for medical malpractice and similar torts to the body must be commenced within two years. *See, e.g., Dye v. Staley*, 226 Va. 15, 17 (1983) (medical malpractice); *Locke v. Johns-Manville Corp.*, 221 Va. 951 (1981) (asbestos-related personal injury). By contrast, the one-year limitation has been held to govern actions involving nonphysical violations of rights. *See, e.g., Weaver v. Beneficial Finance Co.*, 199 Va. 196 (1957) (parties conceded that one-year limitations applied to defamation action); *Mumpower v. City of Bristol*, 94 Va. 737 (1897) (malicious prosecution action); *Goodstein v. Allen*, 222 Va. 1 (1981) (tort-based negligence action against attorney).

Although the Virginia Supreme Court has not directly addressed this issue, Virginia's federal courts have held that the statute of limitations governing claims for defamation is the one-year statute contained in Va. Code § 8.01-248. *See, e.g., Morrisey v. William Morrow & Co.*, 739 F.2d 962, 967 (4th Cir. 1984), *cert. denied*, 469 U.S. 1216 (1985) ("[t]he Virginia Supreme Court has consistently applied the one-year statute of limitations in Va. Code § 8.01-248 to defamation actions"); *Moore v. Allied Chemical Corp.*, 480 F. Supp. 364, 376 (E.D. Va. 1979) (defamation actions are governed by the one-year limitations period); *Welch v. Kennedy Piggly Wiggly Stores, Inc.*, 63 Bankr. 888 (W.D. Va. 1986) (same).

In addition, the majority of reported cases decided by Virginia circuit courts have held that actions for defamation or slander are governed by the one-year statute of limitations period of Va. Code § 8.01-248. *See, e.g., Brown v. Holland*, 17 Va. Cir. 198 (Fairfax 1989); *Ellison v. St. Mary's Hosp.*, 8 Va. Cir. 330 (Henrico County 1987); *Marshall v. Medical Facilities of Am., Inc.*, 6 Va. Cir. 410 (Lynchburg 1986) (dictum); *Reinforced Earth Co. v. Ashcraft & Gerel*, 3 Va. Cir. 143 (Alexandria 1983); *Beasley v. Kayo Oil Co.*, 3 Va. Cir. 119 (Chesterfield County 1983); *Moon v. CBS, Inc.*, 7 Va. Cir. 68 (Richmond 1981); *Gaines v. Safeway Stores*, 7 Va. Cir. 468 (Richmond 1977). *But see, Massie v. Home Interiors, Inc.*, 27 Va. Cir.

492, 493-94 (Roanoke 1987) (applying two-year limitations period); *Via v. O'Donnell*, 27 Va. Cir. 433 (Roanoke 1982) (same).

Similarly, Virginia circuit courts have applied the one-year limitations period in other personal actions not involving physical injuries. *See, e.g., Gaines, supra* (insulting words); *Crowder v. Chap Stick Co.*, 6 Va. Cir. 115 (Lynchburg 1984) (wrongful termination of employment); *Beasley, supra* (malicious prosecution and abuse of process); *Ferguson v. Flinchum*, 7 Va. Cir. 373 (Roanoke 1959) (false imprisonment).

Applying the foregoing legal authority to the instant case, this Court agrees with the vast majority of reported Virginia cases which have applied the one-year statute of limitations period set forth in Va. Code § 8.01-248 to defamation actions. Accordingly, plaintiff's new defamation claims are governed by the one-year limitations period.

This interpretation is further supported by the historical legislative enactments which have created a bifurcated limitations system, with the "personal injuries" two-year period applied to actions involving bodily injury, and the one-year period applied to all other claims for injury to personal rights (i.e., actions alleging non-corporal harm). Before 1954, Virginia's statutes of limitations distinguished between harm to person and harm to property, but not between physical and nonphysical violations of personal rights. Claims for torts to persons were accorded a one-year limitation, while actions for torts to property were given a five-year period. In 1954, the General Assembly divided torts to persons into two categories: the first consisted of actions for "personal injuries;" the second included all other claims for injury to personal rights. *See*, "Virginia's Statute of Limitations for Section 1983 Claims After *Wilson v. Garcia*," 19 U. Rich. L. Rev. 257, 266-67 (1985). If the two-year personal injury limitation governed every action for injury to the person, and the five-year limitation controlled every action for damage to property, the one-year rule would never apply. Given the presumption that the General Assembly acted rationally in enacting the statute of limitations, such an interpretation would seem illogical. *See*, John R. Pagan, "Section 1983 Suits in Virginia," 26 Wm. & Mary L. Rev. 199 (1985); *see also*, Reviser's Note to Va. Code § 8.01-248, which states that "[s]ection 8.01-248 is a catch-all provision for actions not otherwise covered by a statute of limitations, e.g., malicious prosecution and abuse of process."

In the instant case, plaintiff is not seeking recovery for physical injuries inflicted to his corporeal body. Rather, plaintiff seeks redress for damage to his reputation arising out of the alleged defamatory statements. To be

sure, plaintiff alleges some physical ailments, but these physical manifestations are merely incidental to his reputational damage. Accordingly, the Court finds that plaintiff's allegations in his proposed amended pleading are personal actions which, under Va. Code § 8.01-248, must be brought within one year from the date of accrual. The new claims for defamation accrued at the latest on October 15, 1992. The Motion for Judgment was filed on November 4, 1993. Even if the new claims are deemed to relate back to the filing of the Motion for Judgment, the claims are time barred by the statute of limitations. Accordingly, the plaintiff's motion to amend is overruled to the extent that it seeks to assert the new defamation claims.

### Order

This matter came before the Court on June 30, 1994, for hearing on plaintiff's Motion for Leave to Amend, and arguments of counsel were heard and submissions received.

Upon consideration whereof and for the reasons enumerated in the Court's letter opinion of this date, it is ordered that plaintiff's Motion for Leave to File Second Amended Motion for Judgment is overruled to the extent it seeks to add additional defamation claims against defendants Robert Davis, American Home Products, and A. H. Robins, who were already defendants in this action, and to assert a defamation claim against Thomas Callahan as a defendant.

The exceptions of the plaintiff are noted, and endorsements are waived.

### October 20, 1994

Having read *Chesapeake and Potomac Tel. Co. v. Dowdy*, 23 Va. 55 (1988), I must take the view that there is no cause of action in Virginia for negligent supervision.

The facts in *Dowdy* make it clear that the troubles the plaintiff complained of occurred when two defendants, other than the employer defendant, came to be the plaintiff's supervisors. Before, plaintiff "was successful in his job." *Id.* at 58. Obviously, the employer in the case, C. & P. Telephone, could only supervise the plaintiff through others. My reading of *Dowdy*, under the facts, suggests that when the Court observed that "there is no duty of reasonable care imposed upon an employer in the supervision of its employees under these circumstances and we will not create one here," means that the Court saw the claim as one that included an alleged failure to control and monitor plaintiff's supervisors. This is

essentially what we have here, when this plaintiff is alleging there is liability on account of negligent retention.

Accordingly, under *Dowdy*, I see no authority for a claim of negligent retention, a later case than *Weston's Adm'x v. Hospital of St. Vincent of Paul*, 131 Va. 587 (1921). The defendant's motion for partial summary judgment is therefore granted.